**Malcolm THACKER,**
**Petitioner-Appellant,**

v.

**Donald E. BORDENKIRCHER, Jr., Superintendent, Kentucky State Penitentiary, Respondent-Appellee.**

**Terrell THACKER, Petitioner-Appellant,**

v.

**Joseph D. ISON, Superintendent, Kentucky State Forestry Camp, Respondent-Appellee.**

**Nos. 78–3150, 78–3430.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1978.

Decided Jan. 8, 1979.

J. Vincent Aprile, II, Asst. Deputy Defender, Frankfort, Ky., Malcom Thacker, Eddyville, Ky., for petitioner-appellant in No. 78–3150.

W. Robert Lotz, Jr., Covington, Ky., court-appointed CJA, Terrell Thacker, Jr., Harlan, Ky., for petitioner-appellant, in No. 78-3430.

Robert F. Stephens, Atty. Gen. of Kentucky, Mark F. Armstrong, Asst. Atty. Gen., Frankfort, Ky., for respondents-appellees.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

LIVELY, Circuit Judge.

These two appeals were consolidated for oral argument after separate briefing. The

---

sole issue in both appeals relates to representation by a single attorney of more than one defendant in a criminal trial. The defendants were indicted and jointly tried in the Circuit Court of Pike County, Kentucky for the shotgun slaying of Dennie Lee Justice. The jury found Terrell Thacker guilty of willful murder and Malcolm Thacker guilty of aiding and abetting in the commission of the murder. Both convictions were affirmed by the Court of Appeals of Kentucky. *Thacker v. Commonwealth*, 512 S.W.2d 528 (1974).

Malcolm Thacker filed a habeas corpus petition in the United States District Court for the Eastern District of Kentucky. The district court dismissed the petition and on appeal this court vacated and remanded "with instructions that the transcript of the State Court trial be filed in the district court and examined by the district judge." We also directed that an evidentiary hearing be held unless the issues could be determined from the state court record. *Thacker v. Bordenkircher*, 557 F.2d 98 (6th Cir. 1977). Upon remand the district court examined the state court record and again denied the petition. Counsel for Malcolm Thacker did not request an evidentiary hearing.

Meanwhile Terrell Thacker had filed a petition for a writ of habeas corpus in the district court, proceeding pro se. No appeal was filed after its denial. Following remand of Malcolm Thacker's case Terrell Thacker filed a second petition for habeas corpus. There was no request for an evidentiary hearing. In denying this petition the district court stated that it had examined the state court record in connection with Malcolm Thacker's petition and had found no actual conflict of interest amounting to a denial of the right to counsel. The district court also held that habeas corpus relief was barred by the fact that the same issues had been raised in Terrell Thacker's previous petition. The respondent concedes that the first petition of Terrell Thacker was not a bar to consideration of the second one under the facts of this case, but argues that the judgment of the district court should be affirmed since that court did consider and dispose of the petition on its merits.

Though developed somewhat differently the arguments of the two petitioner-appellants are basically the same. They contend that when a strong possibility of a conflict of interest is shown to have resulted from dual representation, denial of effective assistance of counsel has been established. They assert that the record discloses numerous instances of potential conflict in the interests of the two defendants. While insisting that their entitlement to relief does not depend upon the existence of an actual conflict of interest they argue that such conflict was shown to have existed. The district court rejected the "possible conflict of interest test" in reliance on opinions of this court, primarily *United States v. La-Riche*, 549 F.2d 1088, 1095 (6th Cir.), *cert. denied*, 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383 (1977), in which this court held, "Where a conflict of interest [arising from joint representation] is alleged, the defendant must show that there was a conflict and that he was prejudiced thereby." The district court then concluded from a review of the transcript of the state trial that no actual conflict had been established and that no prejudice resulted from the joint representation.

In a habeas corpus action where the highest court of the State declares in an opinion that it has reviewed the evidence and failed to find any conflict and the district court has reached the same conclusion we require a clear showing of error before we will set aside these findings. No such showing has been made and we hold that the petitioners have failed to establish that an actual conflict of interest resulted from the joint representation.

In the absence of a holding to the contrary by the Supreme Court of the United States, this court adheres to its rule that the establishment of mere potential conflict arising from joint representation is not sufficient to constitute denial of the Sixth Amendment guarantee of effective assistance of counsel. The most recent Supreme Court decision on the subject, *Holloway v.*

*Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), does not require reconsideration of this court's previous holding in *LaRiche, supra.* There is an important difference in the factual backgrounds of *Holloway* and the present case. Whereas in *Holloway* the defendants themselves objected to multiple representation and their counsel informed the trial court that a conflict existed, neither of these events occurred at the Thacker trial. More important, however, is the fact that the Supreme Court did not hold in *Holloway* that mere potential conflict is sufficient to require relief. Rather, the Court held that when an actual conflict exists, prejudice is presumed and reversal is automatic. *Id.* at 489, 98 S.Ct. 1173.

Though the petitioners demonstrated a potential for conflict by reason of the joint representation of the Thackers, the respondents pointed to the consistency of the defenses presented by petitioners and argued that this consistency was based on the facts known to them which were developed at the trial. Since an actual conflict was not shown to have existed the district court properly denied the petition.

The judgment of the district court is affirmed.