387 So.2d 344 (1980)
Clyde FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 50393.
Supreme Court of Florida.
June 19, 1980.
Rehearing Denied September 26, 1980.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before the Court on appeal from a judgment of the Circuit Court of the Third Judicial Circuit, in and for Columbia County, in which that court imposed a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
The appellant and Betty Jean Strouder were both indicted for the felony-murder and premeditated murder of two persons. *345 Attorney Thomas K. McKee, Jr., was appointed by the court to represent both defendants.
The trial court imposed the sentence of death on the appellant on December 13, 1974. The notice of appeal was not filed with this Court until October 11, 1976. The delay by trial counsel in effecting the appeal was apparently due to a fee dispute. On August 11, 1978, we granted appellant's counsel leave to withdraw and appointed the Public Defender of the Second Judicial Circuit as counsel for the appellant. On February 13, 1979, the public defender filed a brief on appellant's behalf, and oral argument was heard on September 14, 1979.
The appellant has presented several points for our review. We conclude that a new trial is required and will discuss only the dispositive issue.
In response to the appellant's demand for discovery, the state provided a witness list showing Betty Jean Strouder as one of its intended witnesses at trial. At trial, the state called Betty Jean Strouder as a witness. Her testimony was damaging to the appellant, both directly and by damaging his credibility. It was contradictory to his testimony.
In cross-examining Betty Jean Strouder, attorney McKee brought out that she had been charged with the crimes in question, that the charges against her were still pending, and that he was her lawyer. At the end of cross-examination, the following exchange was had among the court, prosecutor and defense counsel:
By the Court: You may stand down.
By Mr. Willis: This witness, your Honor, this witness is charged with the offense of murder in the first degree, and at this time the State would nolle prosequi any and all cases that are pending against this defendant. She is free to go.
By the Court: Very well.
By Mr. McKee: Is she granted immunity as far as any other charges?
By Mr. Willis: I believe that's statutory.
By the Court: In other words, you are dismissing the case against this defendant, arising out of this incident?
By Mr. Willis: Yes, your Honor.
By the Court: Very well. You are free to go.
The sixth amendment right to the assistance of counsel contemplates legal representation that is effective and unimpaired by the existence of conflicting interests being represented by a single attorney. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Baker v. State, 202 So.2d 563 (Fla. 1967). Since Betty Jean Strouder and the appellant were both charged with these crimes, there was a strong probability of a conflict between their interests at the time the court appointed McKee to represent them. This conflict became more substantial and apparent to McKee at the time he learned that the state might use Strouder's testimony. The conflict was again revealed to the court when Strouder gave her damaging testimony and stated on cross-examination that McKee was her attorney.
The state argues that reversal cannot be ordered on this ground since there was no defense objection to representation or motion for separate representation. To deny a motion for separate representation, where a risk of conflicting interests exists, is reversible error. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Even in the absence of an objection or motion below, however, where actual conflict of interest or prejudice to the appellant is shown, the court's action in making the joint appointment and allowing the joint representation to continue is reversible error. See Belton v. State, 217 So.2d 97 (Fla. 1968). As the United States Supreme Court said in Glasser, "Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused... . The trial court should protect the right of an accused to have the assistance of counsel." 315 U.S. at 71, 62 S.Ct. at 465.
We hold that the appellant was denied his right to the effective assistance of counsel by the joint representation of the appellant and a state witness by the same court appointed *346 attorney. The judgment and sentences are vacated and the case is remanded for a new trial.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
The question of whether joint representation of appellant and Strouder by trial counsel in any way prevented effective assistance of counsel to the appellant was not ruled upon by the trial court. In the past, we have held that the issue of adequacy of representation by counsel cannot be properly raised for the first time on a direct appeal. State v. Barber, 301 So.2d 7 (Fla. 1974).
I would relinquish jurisdiction for the purpose of allowing the trial judge to conduct post-conviction proceedings and allow the state and appellant to present facts upon which the trial court could make an adequate determination of whether a conflict of interest between appellant and Strouder existed which would preclude effective representation of appellant.