FRANK D. UPCHURCH, Jr., Judge.
Appellants Craig Shiver and Fred Schwartz appeal from their convictions for attempted trafficking in cannabis.
The only point raised[1] which merits discussion is whether the trial court erred in denying Schwartz’s counsel leave to with *1141 draw from representation of Schwartz’s co-defendant, Bryant.
In November, 1980, attorneys Alvin Entin and Clyde Taylor filed a notice of appearance on behalf of Schwartz and Bryant. At a hearing on May 26,1981, William Montjoy was sent by Taylor to represent Schwartz and Bryant. Thereafter, on July 9,1981, at a pre-trial hearing on appellants’ motions to dismiss and suppress, attorneys Dion and Angert appeared at the request of attorney Entin to represent Schwartz. They also sought a formal withdrawal from representation of Bryant leaving Montjoy, who was present, to represent Bryant. The trial judge reserved ruling for trial on the motion to withdraw, but permitted only one of the defense attorneys to cross-examine witnesses for both Schwartz and Bryant. Attorney Dion stated that he had no objection to this for the purpose of the pre-trial motions.
At the trial, the court announced it would permit only one attorney to handle the interrogation on behalf of both Schwartz and Bryant.
Dion then informed the court as follows: It had been apparent that there is certain testimony, there are certain statements of one Defendant versus the other that would create a conflict, and we again formally announce at this point, for the purpose of trial, that Mr. Entin and Mr. Angert and Mr. Dion request to withdraw specifically on Mr. Bryant, and Mr. Montjoy would continue representation of Mr. Bryant.
The trial judge rejected this request, stating:
Mr. Taylor is the person to be present because he’s the one that selected the Jury. This Jury was selected by Mr. Taylor on both Defendants, and I will not change after the Jury was selected and we’re now proceeding to trial two hours late. One of you will do the cross-examination for each Defendant.
Subsequently, during the cross-examination of one of the state’s witnesses, Dion moved for a severance. The court made the following comment:
[I]f you want to continue with this motion to sever because you now find a conflict after the case is halfway through the trial, that you have discovered new things that would be a detriment, I told you I would grant you a mistrial as to all the Defendants because you can’t proceed.
Dion stated that he had not requested a mistrial and the court repeated:
I agree, if there is a conflict, I will grant it. But, if there is not a conflict, I will proceed to trial....
Near the close of trial, when Bryant absented himself, Dion again moved to withdraw from representing Bryant. The court denied the request and Dion then requested and received a motion in limine[2] to prevent him from commenting on Bryant’s absence during closing arguments.
Schwartz now contends[3] that his Sixth Amendment right to effective assistance of counsel, which encompasses the right to conflict-free representation,[4] was violated by the court’s refusal to permit Dion to withdraw from representation of Bryant.
In Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), the U. S. Supreme Court held that where a timely objection to multiple representation is interposed on the ground of possible conflict of interest, the trial court is required to make provision for separate counsel or to take adequate steps to ascertain whether the risk was too remote to warrant separate *1142 counsel. Holloway, 98 S.Ct. at 1178.[5] Where the trial court fails to act and joint representation of conflicting interests occurs, reversal is necessary and the defendant need not show prejudice. Id. at 1180-82.
Here, objections were made before trial[6] by attorney Dion who advised the trial judge that conflicting interests between Schwartz and Bryant existed and that he wished to withdraw from representing Bryant and have Montjoy represent Bryant.[7] This was a timely objection and the trial court should have either provided for separate counsel or inquired as to whether the risk of a conflict of interest was remote. The trial court did neither.
The remaining question is whether it appears that Dion was forced to represent conflicting interests. In Foster v. State, 387 So.2d 344, 345 (Fla.1980), the Florida Supreme Court, relying on Holloway stated that “to deny a motion for separate representation, where a risk of conflicting interests exists, is reversible error.” [8] (emphasis added)
Various federal courts of appeal have enunciated a different test. For instance, in Baty v. Balkcom, 661 F.2d 391 (5th Cir. 1981), it was stated that there must be evidence of an actual conflict to justify reversal. In defining a conflict, the court said:
An actual conflict exists if counsel’s introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing.
661 F.2d at 395. See also Thacker v. Bordenkircher, 590 F.2d 640 (6th Cir. 1979).
Here, the evidence of the existence of a conflict of interest rests on Dion’s announcement that “there is certain testimony, there are certain statements of one Defendant versus the other that would create a conflict” and his use of a motion in limine to prevent himself from commenting in Schwartz’s behalf on Bryant’s absence during closing arguments.
We conclude that these factors are sufficient to indicate the existence of a conflict under either test. Therefore we REVERSE as to appellant Schwartz and REMAND for new trial. As to appellant Shiver, we find no reversible error and AFFIRM.
DAUKSCH and COBB, JJ., concur.

. Appellants have raised several other points but we have found no harmful error and affirm as to those points.

. On appeal, Schwartz states that the motion “was obviously made on behalf of the absent Bryant”, though at trial Dion made the motion “on behalf of Mr. Schwartz.”

. Appellant Shiver had his own counsel from the public defender’s office.

. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978); Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

. While Holloway involved state-appointed counsel, its principles apply even where privately-retained counsel is involved. Cuyler v. Sullivan, 100 S.Ct. at 1715-16; Vagner v. Wainwright, 398 So.2d 448 (Fla.1981).

. See Cuyler v. Sullivan for a discussion on the need for an objection to multiple representation.

. There is no evidence in the record to indicate that the motion was made for the purpose of delay, Holloway, 98 S.Ct. at 1180, especially since Montjoy was present at the trial and familiar with the case.

. This declaration in Foster as to a “risk of conflicting interests” must be read in conjunction with the facts of that case. In Foster, the defendant and a state witness, who was charged with the same crimes as the defendant, and gave damaging testimony against him, were both represented by the same court-appointed attorney, thus giving rise to a substantial likelihood of conflict.