423 So.2d 633 (1982)
Freddy Lee WRIGHT and Theodore Jerome Page, Appellants,
v.
STATE of Florida, Appellee.
No. 82-424.
District Court of Appeal of Florida, Fifth District.
December 22, 1982.
*634 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION TO DISMISS APPEAL
ORFINGER, Chief Judge.
The only issue raised by appellants is that they "were denied their Sixth Amendment right to effective assistance of counsel by being jointly tried and represented by the same attorney where their interests were in conflict." The State moves to dismiss the appeal, contending that the issue of ineffective assistance of counsel cannot be raised on direct appeal, but should be raised by petition pursuant to Florida Rule of Criminal Procedure 3.850. The State further points out that the record fails to show any objection in the trial court to the joint representation, so that in any event, the issue has not been preserved for appeal. For the reasons discussed, we deny the motion.
It is true, as urged by the State, that ordinarily the issue of ineffective assistance of counsel cannot be raised for the first time on a direct appeal from a judgment of conviction because it is not a matter that has been presented to and ruled on by the trial court. State v. Barber, 301 So.2d 7 (Fla. 1974). However, this rule has not been applied to cases where the claim of ineffectiveness arises from a conflict of interests between co-defendants represented by the same attorney. How the issue is presented on appeal depends on whether or not an objection to such joint representation was made below.
The variation of the rule in alleged conflict cases has been stated by the Supreme Court in Foster v. State, 387 So.2d 344 (Fla. 1980), thusly:
To deny a motion for separate representation, where a risk of conflicting interests exists, is reversible error. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Even in the absence of an objection or motion below, however, where actual conflict of interest or prejudice to the appellant is shown, the court's action in making the joint appointment and allowing the joint representation to continue is reversible error.
Id. at 345.
There apparently was no motion made below either objecting to the joint representation, requesting leave to withdraw from one representation or requesting the appointment of other counsel for the co-defendant. There is no rule in Florida that joint representation of co-defendants is per se reversible error. See Belton v. State, 217 So.2d 97 (Fla. 1968); Washington v. State, 419 So.2d 1100 (Fla. 3d DCA 1982). However, even in the absence of an objection, appellants have the right to demonstrate, if they can, that actual conflict appears in the record. Foster, supra; Washington, supra; and this they are attempting to do.
The motion to dismiss the appeal is therefore
DENIED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.