425 So.2d 618 (1983)
Mickie Frank RAUSO a/K/a Michael Frank Rauso and Sherry Irene Woodward, Appellants,
v.
STATE of Florida, Appellee.
No. 81-1343.
District Court of Appeal of Florida, Fourth District.
January 12, 1983.
Rehearing Denied February 9, 1983.
*619 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant-Woodward.
Channing E. Brackey of Brackey, Finkelstein & Dallas, P.A., Fort Lauderdale, for appellant-Rauso.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Appealed here are two felony judgments and sentences. Mickie Frank Rauso was convicted by a jury of false imprisonment and battery. The felony judgments reflect adjudications of guilty of kidnapping and sexual battery. The respective sentencing documents, however, reflect the crimes actually adjudicated by the jury. We remand for correction of the clerical errors in the judgments which will not necessitate the presence of appellant, Rauso.
Appellants raise several grounds for reversal and new trial. We find them to be without merit under the circumstances of this case. Only two points warrant brief discussion.
Appellants claim ineffective assistance of counsel. The record amply demonstrates the appropriateness of application of the rule in State v. Barber, 301 So.2d 7 (Fla. 1974), to the facts of this case as opposed to the exception engrafted onto the rule by Foster v. State, 387 So.2d 344 (Fla. 1980). Under Barber the question of adequacy of representation may not be raised for the first time on direct appeal. Foster creates an exception where actual conflict of interest or prejudice is shown. See Washington and Thompson v. State, 419 So.2d 1100 (Fla. 3d DCA 1982). Appellants are not precluded from seeking review by way of a proceeding on this issue pursuant to Florida Rule of Criminal Procedure 3.850.
Appellants additionally complain that, having been informed against for kidnapping, they could not be convicted of false imprisonment because the latter is not a lesser included offense of the former. While we are inclined to agree with this position for reasons we will shortly discuss, the argument is to no avail in the present case because counsel not only acquiesced in treatment of false imprisonment as a charge to be tried, but also specifically invited the trial court to "reduce" the charge to false imprisonment. Appellants are bound by the position of trial counsel. Castor v. State, 365 So.2d 701 (Fla. 1978).
We now indulge in dicta for the guidance of counsel in future cases and as an invitation to the legislature to consider whether a change is desirable.
Appellants were charged with kidnapping. The statute under which they were charged provides, in pertinent part:
787.01 Kidnapping. 

*620 (1)(a) "Kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
Appellants were found guilty of the crime of false imprisonment. That statute provides, inter alia:
787.02 False imprisonment. 
(1)(a) "False imprisonment" means forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01.
The question is whether false imprisonment is a lesser included offense of kidnapping.
The categories of lesser included offenses have been reduced to two:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
The "Schedule of Lesser Included Offenses" of the Florida Standard Jury Instructions In Criminal Cases lists false imprisonment as a lesser included offense of kidnapping. Nonetheless, we are skeptical.
The test to be applied to determine whether a particular offense is lesser and included within another offense is summarized in Borges v. State, 415 So.2d 1265 (Fla. 1982), as follows:
A less serious offense is included in a more serious one if all of the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter. If each offense requires proof of an element that the other does not, the offenses are separate and discrete and one is not included in the other. Blockburger v. United States, 284 U.S. 299 [52 S.Ct. 180, 76 L.Ed. 306] (1932).
To prove kidnapping it is necessary to introduce evidence of specific intent in one of four enumerated categories. To prove false imprisonment it is necessary to prove the existence of "any purpose other than those" four. Unless this is substantially equivalent to a provision that intent is not a necessary element of the crime of false imprisonment then the test is not met. A more logical interpretation is that scienter is an essential element of the crime of false imprisonment. Accepting that premise an intent (other than Section 787.01(a) motives) must be alleged in the accusatory pleading and proven at trial beyond a reasonable doubt in order to convict a person of false imprisonment. We accept this construction of the statute.
Any other interpretation would merge the criminal and civil elements of false imprisonment thus imputing to the legislature an intention to equate criminal false imprisonment with civil false imprisonment. To illustrate, if Brown intentionally, but as a practical joke, locks the door while his room-mate Smith is searching in a closet for his blue suit, and if Smith is a claustrophobiac and suffers both mental and physical stress resulting in injury and ultimate damage, then Brown is answerable for the tort of false imprisonment. There has been an intentional confinement of another, without lawful authority and against his will. No malicious motive need be shown. 24 Fla.Jur.2d, False Imprisonment, § 2. We are not prepared to assume that the legislature intended to brand Brown as a felon as well as a tortfeasor.
As originally indicated the formal judgments against Rauso are to be corrected upon remand. In all other respects we affirm.
AFFIRMED with REMAND FOR TECHNICAL CORRECTION.
ANSTEAD and WALDEN, JJ., concur.