433 So.2d 1352 (1983)
Robert Wagner WHITAKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1244.
District Court of Appeal of Florida, Third District.
July 12, 1983.
*1353 William M. Holland, Jr. and Katherine B. Huppuch, Tampa, for appellant.
Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Robert Whitaker appeals from his conviction and sentence following a jury trial, for involuntary sexual battery with slight force. His two main issues on appeal are his claim of ineffective assistance of trial counsel and the trial court's denial of his request for an instruction to the jury on the maximum and minimum penalties for the lesser included offenses. We affirm.
We find that appellant's first argument, ineffectiveness of trial counsel, is not properly before this court since appellant has raised the issue by direct appeal rather than by motion under Rule 3.850, Florida Rules of Criminal Procedure. Under the principle set down in State v. Barber, 301 So.2d 7 (Fla. 1974), the question of the adequacy of representation may not be raised for the first time on direct appeal, Rauso v. State, 425 So.2d 618 (Fla. 4th DCA 1983); Pinder v. State, 421 So.2d 778 (Fla. 5th DCA 1982); McMillian v. State, 403 So.2d 994 (Fla. 2d DCA 1981); Walker v. State, 399 So.2d 374 (Fla. 3d DCA 1981), unless the facts giving rise to such a claim are apparent on the face of the record, Stewart v. State, 420 So.2d 862 (Fla. 1982), or conflict of interest or prejudice to the defendant is shown. Foster v. State, 387 So.2d 344 (Fla. 1980); Wright v. State, 423 So.2d 633 (Fla. 5th DCA 1982); Washington v. State, 419 So.2d 1100 (Fla. 3d DCA 1982). After careful consideration of appellant's arguments on appeal and a thorough reading of the record, we can find nothing which shows ineffective assistance of trial counsel. We therefore affirm, without prejudice to the appellant's raising this issue by appropriate motion in the trial court, following the standards set out in Knight v. State, 394 So.2d 997 (Fla. 1981).
Appellant's second point concerns the trial court's failure to give a requested instruction on the maximum and minimum penalties for the lesser included offenses of involuntary sexual battery with force likely to cause serious personal harm, the offense with which he was charged.
In Tascano v. State, 393 So.2d 540 (Fla. 1980), the supreme court held that under Rule 3.390(a), Florida Rules of Criminal Procedure (as amended 1977), upon the request of either party, it is mandatory that trial courts give an instruction on the maximum *1354 and minimum sentences which may be imposed for the offense charged. Failure to give such an instruction, after a request to do so, will be prejudicial error unless the defendant is actually convicted of a lesser included offense. Lewis v. State, 419 So.2d 337 (Fla. 1982). Where the defendant is charged in a multi-count information, the trial court must give the instruction on maximum and minimum sentences which may be imposed for all of the offenses charged. McCampbell v. State, 421 So.2d 1072 (Fla. 1982). But the trial court does not have to give an instruction on penalties for lesser included offenses of the greater offense charged. McGough v. State, 407 So.2d 622 (Fla. 5th DCA 1981), rev. denied, 413 So.2d 876 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 72, 74 L.Ed.2d 71 (1982); Lewis v. State, 399 So.2d 473 (Fla. 4th DCA 1981), aff'd on other grounds, 419 So.2d 337 (Fla. 1982); Williams v. State, 399 So.2d 999 (Fla. 3d DCA 1981), rev. denied, 412 So.2d 471 (Fla. 1982); James v. State, 393 So.2d 1138 (Fla. 3d DCA), rev. denied, 402 So.2d 610 (Fla. 1981). See also Wright v. State, 428 So.2d 746 (Fla. 1st DCA 1983), where the court held that it is not required to give an instruction informing the jury that under the habitual offender statute, the defendant could receive a sentence greater than the maximum statutory penalty; question certified.
Therefore, the trial court did not err in denying appellant's request for instruction on the maximum and minimum penalties which could be imposed for the lesser included offenses of involuntary sexual battery. This is particularly true where, as here, the jury used its pardon power to convict the defendant of one of the lesser included offenses. Accordingly, the judgment and sentence are affirmed.
Affirmed.