ORFINGER, Chief Judge.
In an earlier decision in this case, we denied the State’s motion to dismiss the appeal, holding that the appellant could raise on appeal an issue of ineffective assistance of counsel because of an alleged conflict of interest arising out of joint representation of co-defendants. See Wright v. State, 423 So.2d 633 (Fla. 5th DCA 1982).
No objection to the joint representation of Wright and his co-defendant Page was ever raised in the trial court at any stage of the proceedings. The issue is raised for the first time on appeal. In Wright I, we agreed that there is no per se rule that requires reversal of a conviction because of joint representation of co-defendants. See Belton v. State, 217 So.2d 97 (Fla.1968); Washington v. State, 419 So.2d 1100 (Fla. 3d DCA 1982). We further held that even in the absence of objection in the trial court, the defendant might nevertheless point to the record to demonstrate that an actual conflict of interest existed. See Foster v. State, 387 So.2d 344 (Fla.1980).
An examination of the record discloses no conflict here. Defendants picked up a hitchhiking family and later forced the husband and daughter out of the car at gunpoint, but keeping the wife in the car. Defendants took turns driving, each holding the gun and each sexually assaulting the wife. Both in their individual statements, given on their arrest and at trial, they both testified that Wright had the gun. They both admitted sex with the wife, but both contended that she had consented. Their testimony on how Page was possessed of the wife’s rings was also consistent. Neither testified against the other, and they *302 maintained a common defense throughout the trial.
“Conflict of interest” has been held to arise when one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a co-defendant whom counsel is also representing. Webb v. State, 433 So.2d 496, 498 (Fla.1983). Wright complains that conflict appears when Page testified that Wright first pointed the gun at the victims. But Wright also testified that he had the gun. Both Page and Wright testified that the victim offered sex for a ride to Pennsylvania, and they both argued consent as a defense. Both stated that the victim gave Wright her rings to pawn for gas money, and that Wright gave them to Page. Neither defendant was sacrificed for the other, nor were their interests adverse or hostile to each other. We find no conflict of interest in the record. The judgments of conviction are therefore
AFFIRMED.
DAUKSCH and COWART, JJ., concur.