508 So.2d 1330 (1987)
James A. BELLOWS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2550.
District Court of Appeal of Florida, Second District.
June 24, 1987.
*1331 James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
On October 19, 1984, Colleen Collins, a confidential informant for the Collier County Sheriff's Department, called appellant, James Bellows, to set up a cocaine purchase. Pursuant to the telephone conversation, Bellows went to Collins' apartment to meet with her. He brought a set of scales with him and, during a conversation, he told Collins that he would get some cocaine and bring it back to her apartment to divide out her share.
Upon Bellows' departure, detectives who were surveilling Collins' apartment gave Collins money to purchase the cocaine from Bellows. After waiting a period of time, Collins went to visit Bellows' ex-stepson, Edward Dudeck. Collins and Dudeck returned to Collins' apartment. Bellows reappeared shortly thereafter. Collins, Bellows, and Dudeck discussed the cocaine purchase. They concluded that Dudeck would go to his house to get the drugs. Collins, Bellows, and Dudeck left Collins' apartment. Dudeck dropped off Collins and Bellows at a nearby store and Dudeck proceeded to his home to get the cocaine. Dudeck returned to the store approximately one hour later and the three of them returned to Collins' apartment. Bellows and Dudeck weighed out Collins' eighth of an ounce share and handed it to her.
Bellows was arrested and charged with the sale of cocaine, a second degree felony, in violation of section 893.13, Florida Statutes (1983). Prior to trial, the public defender representing Bellows moved to withdraw from Bellows' case because of an alleged conflict of interest between the "codefendants," Bellows and Collins. The public defender argued he had a conflict of interest between Bellows and Collins because the public defender's office had been appointed to represent not only Bellows on his cocaine charges, but also Collins on a charge that she violated her probation. The public defender also asserted conflict in the hampering of the defense of Bellows' case inasmuch as he would be required to defend client Bellows and cross-examine state's witness (but public defender's client) Collins during the trial of Bellows. The trial court denied the motion finding that the alleged conflict of interest was too speculative. The trial court provided that the public defender could renew his motion "upon any additional grounds that may come up." Bellows was tried and convicted. He was sentenced within the guidelines recommended sentence to eighteen months in prison followed by twelve months probation.
On appeal, Bellows contends that the trial court erred in denying the public defender's motion to withdraw for conflict of interest thus depriving him of effective assistance of counsel. We agree.
"The Sixth Amendment right to the assistance of counsel contemplates legal representation that is effective and unimpaired by the existence of conflicting interests being represented by a single attorney." Foster v. State, 387 So.2d 344, 345 (Fla. 1980). "To deny a motion for separate representation, where a risk of conflicting interest exists, is reversible error." Id. (emphasis added). A conflict which adversely affects an attorney's performance violates Bellows' sixth amendment right and cannot be held harmless error. Foster; Barclay v. Wainwright, 444 So.2d 956 (Fla. 1984). The public defender's motion to withdraw alleged that Bellows and the state's key witness against him, Collins, were codefendants. Despite the fact that Bellows and Collins were not codefendants (only Bellows was charged with the sale of *1332 cocaine), the public defender was representing clients with significantly conflicting interests. The key is not whether the defendants are codefendants, but, rather, whether the public defender must serve a dual and adverse stewardship. In the instant case, the public defender was placed in a most difficult position of having to serve a dual and adverse stewardship. During the pendency of Bellows' case, Collins was charged with a probation violation and the public defender was appointed to represent Collins. Collins was an informant in Bellows' case and the state's key witness against Bellows. Collins was to testify about Bellows' alleged misdeeds. The public defender's conflict of interest was not speculative as the trial judge held, but actually existed at the time the motion was made. The trial court failed to recognize the conflict.
In light of the Florida Supreme Court's strong language in Foster, we must reverse Bellows' conviction and sentence. The present actual conflict denied Bellows his right to effective assistance of counsel.
We reverse Bellows' conviction and sentence and remand for retrial at which time the public defender will be relieved of its stewardship and other counsel will be appointed.
Reversed and remanded for proceedings consistent with this opinion.
DANAHY, C.J., and LEHAN, J., concur.