889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert D. BRYANT, Petitioner-Appellant,
v.
Arthur TATE, Jr., Respondent-Appellee.
 No. 88-3701.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Robert Bryant appeals the district court's decision denying his petition for a writ of habeas corpus. Appellee (hereinafter the State) is Arthur Tate, Jr., superintendent of the Ohio state correctional facility where Bryant is incarcerated. Bryant bases his habeas claim on violations of the Sixth Amendment. He asserts that he was denied his right to effective assistance of counsel because of a conflict of interest between him and his attorney. Finding no actual significant conflict, we affirm.
 
 
 2
 * On February 17, 1984, Bryant was indicted by the Lucas County, Ohio grand jury on two counts of aggravated murder and possession of a firearm. These homicides were committed in connection with a felony (aggravated robbery) and could result in a death penalty. On February 21, 1984, Bryant appeared before the court for arraignment without counsel; the court continued his arraignment until February 23, by which time he was represented by Terrence C. Jones. Jones entered a not guilty plea on behalf of his client and continued to represent Bryant throughout his trial.
 
 
 3
 Between February 23, 1984 and March 1, 1984, the Lucas County grand jury indicted Jones on four counts of drug-related offenses. The police arrested Jones based on information that Bryant's retainer fee was paid to Jones in part with cocaine which Bryant had taken from the murder victims, Ernest Moody and Melvin Fausnaugh. On March 23, 1984, the State filed a motion to disqualify Jones on the ground that his indictment threatened the integrity of the judicial system and posed a potential conflict of interest with his client Bryant.
 
 
 4
 When on March 1, 1984, the state trial judge, Robert G. Christiansen, informed Bryant that Jones had been indicted, Bryant insisted that he wanted to retain Jones as his counsel. On April 30, 1984, the Ohio Supreme Court ordered Judge Christiansen to recuse himself; arguments on the motion to disqualify Jones were presented to Judge Robert Franklin. Judge Franklin denied the motion to disqualify Jones.
 
 
 5
 Jones represented Bryant in the jury trial, which began on June 4. On June 22, 1984, the jury convicted Bryant of the murder of Melvin Fausnaugh, for which Bryant was sentenced to serve fifteen years to life, and of the involuntary manslaughter of Ernest Moody, for which Bryant was sentenced to serve seven to twenty-five years, both sentences to run concurrently.
 
 
 6
 Bryant appealed on the ground that his right to effective assistance of counsel had been violated. Bryant argued that Jones refused to agree to a plea bargain for Bryant, chiefly because part of the bargain would require Bryant to testify against Jones. The state court of appeals, in affirming the judgment, found that a conflict of interest between Jones and Bryant had existed but that the conflict did not adversely affect Jones's performance. In March 1986, the Ohio Supreme Court denied leave to appeal for want of a substantial constitutional question.
 
 
 7
 In August 1986, Bryant filed a pro se petition for a writ of habeas corpus in the Northern District of Ohio, alleging violation of his Sixth Amendment rights. After an evidentiary hearing, a magistrate recommended that the petition be denied. The magistrate found that no conflict of interest existed between Bryant and Jones because the State did not demand that Bryant testify against Jones as part of any negotiations over a plea bargain. Furthermore, even if a conflict existed, it did not adversely affect the quality of Jones's representation. On July 12, 1988, the district court adopted the magistrate's recommendation and dismissed the case. The court also found that Bryant had not waived a claim of conflict of interest because he had not been informed of the nature of all possible conflicts.
 
 II
 
 8
 An ineffective assistance of counsel claim must be analyzed under the standards of Strickland v. Washington, 466 U.S. 668 (1984). Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.1987). In Strickland, the Supreme Court held that, to prove a conflict of interest,
 
 
 9
 the defendant [must demonstrate] that counsel "actively represented conflicting interests" and that "an actual conflict of interest adversely affected his lawyer's performance."
 
 
 10
 466 U.S. at 692 (quoting Cuyler v. Sullivan, 446 U.S. 335, 348-350 (1980)). In Cuyler, the Court noted that the Sixth Circuit had already established the rule that the defendant must identify an actual conflict of interest. See Thacker v. Bordenkircher, 590 F.2d 640, 642 (6th Cir.1979), cert. denied, 442 U.S. 912 (1979).
 
 
 11
 Cuyler placed the burden of proving actual conflict on defendants, at least where they had raised no objection at trial to their lawyers' representation. Not only did Bryant not object to Jones's representation, but on March 1, 1984, when the trial judge informed Bryant that Jones had been indicted, Bryant insisted on retaining Jones as his counsel.
 
 
 12
 Bryant argues that Jones's indictment automatically created an actual conflict of interest. Bryant relies on the recent Ninth Circuit decision in Mannhalt v. Reed, 847 F.2d 576 (9th Cir.1988). In Mannhalt, the defendant was arrested in December 1980 for robbery and possession of stolen property. In 1979 or 1980, Mannhalt's attorney, James Kempton, purchased a gold watch from Mannhalt. Kempton first became aware that the police suspected him of criminal conduct while he was preparing for Mannhalt's trial. At trial, the prosecution elicited testimony from a government witness accusing Kempton of purchasing stolen goods. Kempton was never indicted. In establishing a per se rule for actual conflict, the court held:
 
 
 13
 [w]e find that when an attorney is accused of crimes similar or related to those of his client, an actual conflict exists because the potential for diminished effectiveness in representation is so great. For example, a vigorous defense might uncover evidence of the attorney's own crimes, and the attorney could not give unbiased advice to his client about whether to testify or whether to accept a guilty plea. (citations omitted)
 
 
 14
 847 F.2d at 581.
 
 
 15
 We choose not to adopt the holding of Mannhalt in this circuit. This circuit will maintain the distinction articulated by the Supreme Court in Strickland v. Washington, 466 U.S. at 692, between those Sixth Amendment claims to which a per se rule of prejudice applies (such as complete denial of the assistance of counsel) and those to which a per se rule does not apply (such as a conflict of interest). Bryant must prove a claim of ineffective assistance of counsel by demonstrating an actual conflict of interest.
 
 
 16
 As we held in Thomas v. Foltz, 818 F.2d at 481, the rule is that "there must be an 'actual significant conflict' " (quoting with approval United States v. Mers, 701 F.2d 1321, 1328 (11th Cir.1983), cert. denied, 464 U.S. 991 (1983)). We agree with the magistrate and the district court that an actual significant conflict did not arise. The State never incorporated into any plea offer the requirement that Bryant testify against Jones. There is no evidence at all that Jones breached his duty of loyalty to Bryant. A mere speculation that Jones might have felt better served by his client's conviction does not amount to an actual significant conflict.
 
 
 17
 Finding no merit in Bryant's habeas corpus petition, we affirm the decision of the district court.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation