56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John RAUCKHORST and Michael SLAIN, Defendants-Appellants.
 No. 94-3500.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1995.
 
 Before: MILBURN, RYAN and GODBOLD*, Circuit Judges.
 GODBOLD, Senior Circuit Judge.
 
 
 1
 The appellants appeal from their convictions for mail fraud in violation of 18 U.S.C. Sec. 1341, transportation of stolen goods in violation of 18 U.S.C. Sec. 2314, securities fraud in violation of 15 U.S.C. Secs. 78j(b) and 78ff, and conspiracy to commit the above offenses in violation of 18 U.S.C. Sec. 371. We affirm the district court's judgment.
 
 FACTS
 
 2
 The appellants, along with a third defendant, Douglas Duker, wholly or in part owned three companies: Financial Directors Corporation (FDC), Trans Mobile Nuclear (TMN), and H & D Medical Concepts. FDC engaged in the business of creating partnerships to be sold as investments for third party investors. The defendants, through FDC, created and managed FDC Mobile MRI. FDC Mobile MRI was an Ohio based partnership whose purpose was to purchase mobile magnetic resonance imaging (MRI) machines that would be leased to TMN, who in turn would lease the machines to hospitals in Florida. To establish FDC Mobile MRI, 20 limited partnerships would be sold to investors for $40,000 each. Although twenty investors were sought, only five investors actually made the $40,000 investment. The offering memorandum stated that the money would be deposited in an escrow account and, if all of the money was not raised by a certain date, the defendants, as the general partners of FDC Mobile MRI, would either purchase the unsold partnerships or return the money to the investors. The investment money was not placed in an escrow account, nor did the defendants purchase the unsold partnerships or return the money.
 
 
 3
 Prior to actually having 20 investors and contrary to the offering memorandum, FDC Mobile MRI purchased MRI equipment from a California manufacturer, Diasonics, Inc.[1] H & D Medical Concepts formed a distributorship agreement with Diasonics whereby H & D would receive a commission of over $300,000 from the purchase and sale of the equipment to FDC Mobile MRI. According to the invoice, FDC Mobile MRI was billed for the purchase, and the equipment was shipped to TMN at one of the Florida hospitals. Jt. App. 6 at 1175. The $300,000 commission was sent to the defendants and deposited in the H & D Medical Concepts account. Immediately thereafter, checks were drawn on that account, distributing the $300,000 to the three defendants.
 
 DISCUSSION
 
 4
 The district court properly admitted evidence regarding the financial situation of TMN. Appellants contend that the evidence regarding the financial troubles of TMN was irrelevant and inflammatory. To the contrary, the financial condition of TMN was highly relevant to the issue of fraud since the defendants were inducing third parties to invest large sums of money into the newly formed partnership, FDC Mobile MRI. The offering memorandum, used to sell the investment to the investors, stated that FDC Mobile MRI would purchase the MRI equipment and lease it to TMN. The financial condition of TMN was highly relevant to the issue of whether TMN could make its lease payments to FDC Mobile MRI; thus the evidence was relevant to the issue of whether the appellants engaged in fraud by not disclosing to the investors the true financial condition of TMN. See U.S. v. Smith, 39 F.3d 119, 121-22 (6th Cir. 1994); U.S. v. Biesiadecki, 933 F.2d 539, 542-43 (7th Cir. 1991); U.S. v. O'Malley, 707 F.2d 1240, 1247 (11th Cir. 1983). Reviewing the admission of the evidence for an abuse of discretion, we find none. U.S. v. Schrock, 855 F.2d 327, 333 (6th Cir. 1988) (standard of review for the admission of evidence is abuse of discretion).
 
 
 5
 Appellants' motion for a new trial based on allegations of prosecutorial misconduct was properly denied. "[P]rosecutorial misconduct cannot support a grant of a new trial unless it is 'so pronounced and persistent that it permeated[d] the entire atmosphere of the trial."' U.S. v. Bond, 22 F.3d 662, 667 (6th Cir. 1994) (citation omitted). Appellants assert three instances of prosecutorial misconduct: (1) arguments made to the court regarding the relevance of evidence of TMN's financial condition, (2) questions posed to Kathryn Shen, the attorney for FDC Mobile MRI, TMN, and the defendants in violation of the attorney-client privilege, and (3) improper statements during closing arguments.
 
 
 6
 Since the evidence regarding TMN's financial condition was relevant, there is no merit to appellants' first argument. Appellants complain of two questions posed by the prosecutor on redirect to Shen. Objections were made to both questions. The first objection was sustained, the second objection was overruled. Tr. VI, 1037-38. Appellants also moved for a mistrial at that time, which was denied. Id. at 1037.
 
 
 7
 Two statements made by the prosecutor during his rebuttal closing argument were objected to by the appellants. The court sustained the objection to the first statement and admonished the jury to disregard it. The court did not specifically rule on the second statement, but it did give directions to the prosecutor. Overall, the alleged prosecutorial misconduct, if improper, does not rise to the standard requiring a new trial.
 
 
 8
 The district court denied appellants' motion for judgment of acquittal based on insufficiency of the evidence. This court reviews the decision by viewing the evidence in the light most favorable to the prosecutor to determine whether there is sufficient evidence to conclude rationally that the defendants are guilty beyond a reasonable doubt. U.S. v. Overmyer, 867 F.2d 937, 938 (6th Cir.), cert. denied, 493 U.S. 813 (1989); U.S. v. Steele, 727 F.2d 580, 587 (6th Cir.), cert. denied, 467 U.S. 1209 (1984). After reviewing the exhibits and the trial testimony, we conclude that it was reasonable for the jury to conclude that the appellants were guilty beyond a reasonable doubt.
 
 
 9
 Appellants contend that they were denied their Sixth Amendment right to effective counsel due to an apparent conflict of interest. The attorneys representing both appellants also represented them jointly at trial with their consent. Slain now argues that most of the evidence pertained to Rauckhorst. Appellants did not raise their argument before or during the trial. "In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 348 (1980) (footnote omitted). See also Thacker v. Bordenkircher, 590 F.2d 640, 642 (6th Cir.), cert. denied, 442 U.S. 912 (1979). Appellants have failed to show an actual conflict of interest.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 [1]
 Phoenix Leasing financed the purchase