844 So.2d 824 (2003)
Leslie R. ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1545.
District Court of Appeal of Florida, Fifth District.
May 16, 2003.
*825 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Leslie R. Ortiz appeals his convictions and sentence for conspiracy to traffic and trafficking in more than 400 grams of Methylenedioxymethamphetamine,[1] commonly known as "Ecstasy." Ortiz contends that the trial court erred in denying his counsel's motion to withdraw because a conflict of interest existed with another client who was also the State's key witness in the instant case. We reverse.
A confidential informant for the police contacted an Angel Ben, a known drug dealer, in order to purchase 2,000 Ecstasy pills. Ben agreed to sell the 2,000 pills, but told the informant that because of the large number, he would need some time to get them from a supplier. Approximately one week later, Ben advised the confidential informant that he had obtained the 2,000 pills. The Appellant, Ortiz, was identified as Ben's contact who delivered the drugs.
Ortiz was arrested and charged with conspiracy to traffic and trafficking in more than 400 grams of Methylenedioxymethamphetamine. Prior to trial, the assistant public defender moved to withdraw and to appoint conflict-free counsel on the grounds that the Office of the Public Defender had a substantial and continuing conflict of interest precluding it from representing Ortiz, in that it also represented the State's key witness in another criminal proceeding, the confidential informant. A hearing was held on the matter[2] and the trial court denied the motion, finding that no conflict existed.
"The Sixth Amendment right to the assistance of counsel contemplates legal representation that is effective and unimpaired by the existence of conflicting interests being represented by a single attorney." Bellows v. State, 508 So.2d 1330, 1331 (Fla. 2d DCA 1987) (quoting Foster v. State, 387 So.2d 344, 345 (Fla. 1980)). "To deny a motion for separate representation, where a risk of conflicting *826 interest exists, is reversible error." Id. There exists a risk of conflicting interest in the instant case as the State's key witness against Ortiz, the confidential informant, was also being represented by the Office of the Public Defender. See id. (finding that conflict of interest existed when the public defender represented both the defendant and the confidential informant who was the state's key witness against the defendant). It cannot be said that the apparent conflict created when defense counsel represented both appellant Ortiz and the State's key witness is not prejudicial to Ortiz so as to have denied him his right to effective assistance of counsel.
We vacate Ortiz's convictions and sentence and remand for retrial at which time the public defender should be allowed to withdraw, and other counsel be appointed.
REVERSED AND REMANDED.
PETERSON, PALMER and TORPY, JJ., concur.
NOTES
[1] §§ 893.135(1)(j); 893.03(1)(a)39; 893.135(5), Fla. Stat. (2001).
[2] Prior to the 1999 legislative amendments to section 925.036(3), once a public defender certified a conflict of interest based on adverse or hostile interests between two clients, and moved to withdraw from representation, the trial court had no discretion and was required to grant the motion. See, e.g., Valle v. State, 763 So.2d 1175 (Fla. 4th DCA 2000); see generally, 14 Fla. Jur.2d Criminal Law § 549 (2001). The applicable 1999 legislative amendment codified in section 27.53(3), Florida Statutes (2001), now provides:

If, at any time during the representation of two or more indigents, the public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of conflict of interest, the public defender shall file a motion to withdraw and move the court to appoint other counsel. The court shall review and may inquire or conduct a hearing into the adequacy of the public defender's representations regarding a conflict of interest without requiring the disclosure of any confidential communications. The court shall permit withdrawal unless the court determines that the asserted conflict is not prejudicial to the indigent client. (emphasis added).
Thus, the trial court now has the discretion to conduct a hearing when a conflict of interest has been asserted by the public defender.