WOLF, J.,
concurring.
Were we not bound by this court’s decision in Lee v. State, 690 So.2d 664 (Fla. 1st DCA 1997), I would affirm for two reasons. The trial court conducted a sufficient inquiry concerning a potential conflict based on the circumstances, and the failure to conduct a more thorough inquiry in this case should constitute harmless error.
First, at the time the trial court was made aware of a potential conflict, counsel represented that the issue had been resolved. Any potential conflict of interest arose out of a statement made by appellant’s co-defendant in this case. It was revealed that the co-defendant now disavowed the statement, and both defendants wished to pursue compatible defenses that neither committed the crime. In fact, the State never sought to introduce the statement at trial. No conflict existed. The Third District affirmed under similar circumstances in Dixon v. State, 758 So.2d 1278 (Fla. 3d DCA 2000). Absent the decision in Lee, I would affirm based on Dixon.
Second, I disagree with the reasoning in Lee that the harmless error analysis may never be applied in cases upon failure to conduct a sufficient conflict of interest inquiry because of the holding in Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). In Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002), the U.S. Supreme Court said Holloway ⅛ holding means automatic reversal is only necessary where counsel is required to conduct joint representation over a specific objection asserting that a conflict exists which precludes adequate representation. In the instant *620 case, exactly the opposite occurred. Counsel specifically represented that any conflict no longer existed. In light of counsel’s representations, and the fact that any potential conflict was totally alleviated by the State’s decision not to introduce the co-defendant’s statement, along with the overwhelming evidence of guilt, I would find any error to be harmless were I free to do so. This is another case that demonstrates the folly in applying a per se reversible error rule in too many circumstances. I have no doubt that the result in this case was not affected by the alleged error. A reversal in this case does not promote either justice or judicial economy.