510 So.2d 874 (1987)
James Curtis McCRAE, Appellant,
v.
STATE of Florida, Appellee.
No. 67629.
Supreme Court of Florida.
June 18, 1987.
Rehearing Denied September 4, 1987.
*876 Robert H. Dillinger of Dillinger & Swisher, P.A., St. Petersburg, for appellant.
Robert A. Butterworth, Atty. Gen., and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This case is an appeal from the denial of a motion for post-conviction relief filed under Florida Rule of Criminal Procedure 3.850. Because the judgment and sentence from which relief was sought are a conviction of first-degree murder and a sentence of death, this Court has jurisdiction of the appeal. Art. V, § 3(b)(1), Fla. Const. We affirm in part and reverse in part, finding that it is necessary to remand the case for resentencing.
Appellant was convicted of first-degree murder and sentenced to death. On appeal, this Court affirmed the conviction and sentence. McCrae v. State, 395 So.2d 1145 (Fla. 1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981). During the pendency of the appeal, jurisdiction was relinquished for consideration of a post-conviction motion. The denial of the post-conviction motion was also affirmed on appeal. Id. at 1155-56.
Appellant has twice filed collateral challenges to his conviction and sentence by means of petitions for habeas corpus. The petitions were based on arguments pertaining to due process at trial and effective assistance of counsel on appeal. We denied both petitions for habeas corpus. McCrae v. Wainwright, 439 So.2d 868 (Fla. 1983); McCrae v. Wainwright, 422 So.2d 824 (Fla. 1982), cert. denied, 461 U.S. 939, 103 S.Ct. 2112, 77 L.Ed.2d 315 (1983).
In 1983, appellant filed a motion for post-conviction relief which was summarily denied by the trial court. On appeal he sought a stay of the then scheduled execution of sentence. On June 13, 1983, this Court granted a stay of execution. On September 15, 1983, we issued an opinion and order remanding the case to the trial court for a statement of reasons by the court supporting the summary denial of relief or for further appropriate proceedings. McCrae v. State, 437 So.2d 1388 (Fla. 1983). The trial court held an evidentiary hearing on the rule 3.850 motion and again denied the motion. The present appeal followed.
Appellant contends that he was not given effective assistance of counsel at trial in that his attorney, an assistant public defender, unreasonably failed or neglected to assert at trial the defense of insanity. To prevail on a claim of ineffective assistance of counsel a claimant must show an act or omission on the part of counsel that constituted a serious and substantial deficiency, deviating from the norm or falling outside the range of acceptable professional performance, and that the failure or deficiency had a prejudicial impact upon the defendant's case by compromising the fairness of the trial to such a degree as to undermine confidence in the accuracy and correctness of the outcome. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Smith v. State, 457 So.2d 1380 (Fla. 1984); Downs v. State, 453 So.2d 1102 (Fla. 1984). Appellant argues that the psychiatric reports that were prepared in anticipation of trial provided a realistic and viable insanity defense and that counsel's abandonment of such line of defense was an unreasonable choice and amounted to a serious and substantial deficiency in the representation of the defendant. We cannot agree. The psychiatric reports that had been performed on motion of the defense, while demonstrating certain mental and emotional problems and even a mild brain disorder, did not present an expert determination of insanity at the time *877 of the offense. Taken together the reports appeared to negate the existence of facts establishing insanity at the time of the offense. The contents of the reports, the testimony counsel could expect to present based thereon, and the evidence concerning the circumstances of the offense were such that defense counsel was clearly within the range of acceptable performance when he decided not to go forward with an insanity defense.
Appellant argues that his counsel at trial was deficient in that he did nothing to correct or remedy a situation which appellant characterizes as a conflict of interest. Appellant asserts that one of the state's witnesses against him at trial was at the time a defendant in a criminal prosecution and was represented by an attorney employed in the same public defender's office as appellant's trial attorney.
At the hearing below, the attorney who represented appellant at trial testified that he did not know that the witness was being represented by another attorney in the same public defender's office. The other attorney, who represented the witness, testified that he did not discuss the defense of appellant with appellant's trial counsel. Because appellant's counsel was not aware of the situation, he cannot be charged with any deficiency for not taking some kind of action concerning the matter. Nor do we think that the situation called for counsel to make inquiry into the matter in order to be considered reasonably effective and within the range of normal, professional competence. We need not reach the question of whether there was an "actual" or "meaningful" conflict of interest that affected or must be presumed to have affected the outcome. See Porter v. State, 478 So.2d 33, 35 (Fla. 1985); Foster v. State, 387 So.2d 344, 345 (Fla. 1980).[1] We simply hold that no deficiency of performance by defense counsel is shown on this point.
Appellant argues that his counsel was ineffective in presenting testimony in which appellant disclosed his past convictions because it opened the door to allow the state on cross-examination to bring out the fact that one of the past convictions was for the felony of assault with intent to murder. Based on the standard set forth in Strickland v. Washington and applied in Downs v. State and numerous other cases, we find that no substantial deficiency is shown. The state had already presented testimony of a collateral crime and similar acts based on the Williams[2] rule, so the jury was already apprised of the facts of appellant's past felony conviction. Moreover, defense counsel could reasonably have expected that his defendant-witness was going to be impeached by the state by means of questioning about his prior convictions, and he was merely following the common practice of disclosing the convictions on direct examination in order to deprive the state of the opportunity to impeach, to appear forthcoming to the jury, and to emphasize that the vast majority of the defendant's prior convictions were for misdemeanors. See Lawhorne v. State, 500 So.2d 519, 520 (Fla. 1986) ("anticipatory *878 rehabilitation" is permissible to "take the wind out of the sails" of the anticipated impeachment).
Appellant contends that defense counsel at trial was ineffective by reason of the fact that he did not request a special instruction on the limited purpose of the state's Williams-rule evidence. The collateral conduct and similar-act evidence consisted of testimony about appellant having approached people on the street and about an attempt to gain entrance to a home, followed by a criminal attack on an individual. On appeal this Court held the testimony was properly admitted on the ground of relevance to the issue of identity and as showing "a common scheme or plan." McCrae v. State, 395 So.2d at 1148, 1152, 1153. The instructions given to the jury were based on the Standard Jury Instructions in use at the time of the trial. The failure to request special instructions not recognized by inclusion in the standard instructions was not ineffectiveness on the part of counsel. See, e.g., Funchess v. Wainwright, 772 F.2d 683, 691 (11th Cir.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1242, 89 L.Ed.2d 349 (1986).
The representation provided by defense counsel at trial is also questioned on the ground of the lack of a request for special additional instructions on the presumption of innocence and the state's burden of proof with regard to the underlying felony alleged as part of the felony murder charge. Again we believe that no ineffectiveness is shown because the general standard instructions on the presumption of innocence and the state's burden of proof were sufficient to apprise the jury of the applicable principles. There was no deficiency.
Appellant contends that defense counsel failed to protect his right of confidentiality in the various psychiatric examination reports requested and prepared in anticipation of trial. No sufficient argument is made on what counsel should have done or how the outcome was affected. We simply do not see any prejudice.
Appellant argues that defense counsel was deficient for failing to object to certain comments made by the prosecutor in closing argument to the jury. Appellant contends that the comments were improper because they addressed matters not supported by evidence and not relevant to any material issue. Whether to object to an improper comment can be a matter of trial strategy upon which a reasonable discretion is allowed to counsel. We do not find that there was a serious and substantial deficiency, nor does it appear that there could have been any prejudice in terms of effect on the outcome.
With regard to counsel's performance at the sentencing phase of the trial, appellant argues that counsel was ineffective in that he did not obtain and present school records on appellant showing him to have below-average intelligence. However, the psychiatric reports counsel had received contained evaluations of appellant's intelligence and showed him to be of average intelligence or at least within the normal range. Abnormally low intelligence was simply not a sentencing issue in this case. Appellant had graduated from high school, attended junior college, and served in the military. With expert evaluations of appellant's intelligence in hand, counsel could reasonably have decided that it was unnecessary to obtain public school records from years earlier. There is no deficiency shown on this point.
Appellant argues that he received ineffective assistance of counsel at the sentencing phase of his trial in that his lawyer did not present all the available psychiatric testimony tending to show mental or emotional problems or disorders. Appellant says defense counsel should have presented additional evidence because the available psychiatric testimony would have shown mitigating circumstances relating to mental or emotional disturbance, inability to appreciate criminality and to conform to the requirements of law, the inability to premeditate and the lack of capacity for rational reflection. Defense counsel testified at the hearing below that he presented only one of the three doctors who had examined the defendant because based on their reports and his discussions with the other two doctors *879 he did not believe their testimony would be favorable to his client's case and he in fact thought they might be harmful. A strong sense of deference toward counsel's tactical choices is required when evaluating a claim of ineffectiveness. It should be noted that the presentation made on behalf of appellant at the sentencing phase of his trial achieved a somewhat favorable outcome in that the jury recommended life imprisonment rather than death. Whether a more through or detailed presentation on sentencing issues could have persuaded the trial court judge to follow that recommendation is wholly a matter of speculation. We therefore decline to find that there was ineffective assistance of counsel on this point. Moreover, we do not agree that a substantial deficiency is shown by the mere fact that after the recommendation of the jury was returned, counsel made no additional presentation of evidence or information to the court prior to sentencing.
Aside from the foregoing arguments concerning ineffective assistance of counsel, appellant also argues that he should be granted a life sentence or a new sentencing proceeding on the ground that he was denied various constitutional rights in the sentencing process.
Appellant contends that the trial judge improperly considered matters in aggravation that did not relate to any of the aggravating circumstances set forth in the sentencing statute. This is a matter that could have been raised on appeal and therefore is not cognizable on a rule 3.850 motion. Middleton v. State, 465 So.2d 1218, 1226 (Fla. 1985); Demps v. State, 416 So.2d 808 (Fla. 1982); Meeks v. State, 382 So.2d 673 (Fla. 1980); Adams v. State, 380 So.2d 423 (Fla. 1980). Moreover, on appeal this Court specifically discussed all the aggravating circumstances found by the trial court. This Court's affirmance of the death sentence on appeal was a determination that the aggravating factors were proper. Implicit in the ruling was a determination that the trial court's references to nonstatutory matters were harmless surplusage. Ordinarily the propriety of the factors given in support of a death sentence is finally settled when this Court affirms the sentence. Johnson v. Wainwright, 463 So.2d 207, 212-13 (Fla. 1985).
Appellant argues that the trial court at sentencing used an erroneous standard of proof or established an erroneous burden of proof for the defense to meet in presenting evidence of mitigating circumstances. It is argued that the trial court erred in rejecting mitigating factors based on mental condition on the ground that the medical expert who testified could not say whether there was mental or emotional disturbance with some "degree of medical certainty." On direct appeal this finding of the trial judge was discussed and the appellant's contention of error was rejected. Issues that were determined on appeal are not subject to relitigation by collateral challenge. Armstrong v. State, 429 So.2d 287, 288 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983).
Appellant argues that his death sentence should be vacated because death sentences are imposed in an arbitrary manner and are affected by racial discrimination. We do not find that appellant's death sentence is the result of discriminatory sentencing according to race and therefore we reject this argument. See, e.g., Sullivan v. State, 441 So.2d 609 (Fla. 1983); Thomas v. State, 421 So.2d 160 (Fla. 1982); Adams v. State, 380 So.2d 423 (Fla. 1980). Assuming that the study cited by appellant demonstrates statistical disparities based on the factor of race, statistical disparities do not establish that appellant's death sentence was imposed with discriminatory purpose in violation of the equal protection clause. McCleskey v. Kemp, ___ U.S. ___, 107 S.Ct. 1756, 1767-69, 95 L.Ed.2d 262 (1987). Moreover, the statistical disparities do not demonstrate that appellant's death sentence was imposed arbitrarily or disproportionately in violation of the eighth amendment. Sentencing discretion is not only permissible but is a necessary feature of the capital sentencing process. Id. 107 S.Ct. at 1771-78.
Appellant contends that his sentence of death should be vacated because *880 the trial judge who sentenced him was predisposed or prejudiced in favor of a sentence of death. Appellant relies on Zeigler v. State, 452 So.2d 537 (Fla. 1984), where this Court held that an allegation of judicial bias was sufficient to require an evidentiary hearing. The claim in Zeigler was based on concrete allegations of a pretrial expression of a specific bias in the Zeigler case. In this case there has already been an evidentiary hearing and the claim of judicial bias has been shown to be based on very general and speculative assertions about the trial judge's attitudes. No relief is warranted on this point.
Appellant's remaining point on appeal has merit. In his rule 3.850 motion, appellant claimed that the trial judge who sentenced him to death believed that he was prohibited from considering, or was not required to consider, non-statutory mitigating circumstances. At the hearing on the motion, appellant made a substantial showing through testimony that the judge who sentenced appellant to death did not believe he was obliged to receive and consider evidence pertaining to non-statutory mitigating factors.[3] The order denying the motion for post-conviction relief does not state a reason for rejecting appellant's claim.
A defendant in a capital case has a constitutional right to present to and have considered by the sentencing authority any competent evidence that is relevant to the sentencing determination, including information about the character and background of the defendant and the circumstances of the offense. Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986); Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). The record of the sentencing proceeding in this case shows a situation similar to that found in Hitchcock v. Dugger, ___ U.S. ___, 107 S.Ct. 1821, 95 L.Ed.2d 347 (1987). There the Supreme Court found that "the sentencing proceedings actually conducted" showed that the sentencing judge operated under the assumption that nonstatutory mitigating circumstances could not be considered. Id. 107 S.Ct. at 1823. Because "the advisory jury was instructed not to consider, and the sentencing judge refused to consider, evidence of nonstatutory mitigating circumstances ... the proceedings ... did not comport with the requirements of Skipper v. South Carolina, 476 U.S. 1, 106 S.Ct. 1669, 90 L.Ed.2d 1 (1986), Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), and Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) (plurality opinion)." Id. 107 S.Ct. at 1824.
The state points out that evidence was presented at appellant's original sentencing proceeding, not all of which was strictly related to statutory mitigating circumstances. It is true that some general background testimony was presented. We are not convinced, however, that it was given serious consideration by the court. Nothing the state has said has overcome the effect of the appellant's evidence and argument on this point.
Upon our review of the original trial record in this case and the testimony presented at the rule 3.850 motion hearing below, we find that the trial judge who sentenced appellant to death did not believe he was obliged to receive and consider evidence pertaining to non-statutory mitigating factors. This finding, based on the record, is sufficient to require a new sentencing hearing. We therefore order a new sentencing proceeding in this case. *881 Because the jury at the original sentencing proceeding recommended life imprisonment, the more favorable to appellant of the only two recommendations available, we deem the error harmless with regard to its effect on the advisory verdict portion of the proceedings. Therefore, there will be no need to empanel a new advisory jury for the proceedings on remand. On remand the trial court will take into consideration the recommendation returned by the original trial jury in this case.
The order of the court below, denying appellant's rule 3.850 motion, is affirmed insofar as the claims of ineffective assistance of counsel, judicial bias, improper aggravating circumstances, erroneous standard of proof for mitigating circumstances, racial discrimination and arbitrary sentencing are concerned. Regarding the claim that the original trial court judge limited his own consideration to statutory mitigating circumstances, we reverse the denial of the rule 3.850 motion and remand with directions to vacate the sentence of death and conduct a new sentencing proceeding without a jury.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, GRIMES and KOGAN, JJ., concur.
BARKETT, J., concurs in the result only.
NOTES
[1] As was stated in Porter v. Wainwright, 805 F.2d 930 (11th Cir.1986), an "actual" conflict of interest exists if counsel's course of action is affected by the conflicting representation, i.e., where there is divided loyalty with the result that a course of action beneficial to one client would be damaging to the interests of the other client. An actual conflict forces counsel to choose between alternative courses of action. Stevenson v. Newsome, 774 F.2d 1558, 1562 (11th Cir.1985), cert. denied, ___ U.S. ___, 106 S.Ct. 1476, 89 L.Ed.2d 731 (1986); Baty v. Balkcom, 661 F.2d 391, 395 (5th Cir.1981) (Unit B), cert. denied, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982). To show actual conflict, one must show that a lawyer not laboring under the claimed conflict could have employed a different defense strategy and thereby benefitted the defense. United States v. Mers, 701 F.2d 1321, 1328-30 (11th Cir), cert. denied, 464 U.S. 991, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983). Only when such an actual conflict is shown to have affected the defense is there shown prejudicial denial of the right to counsel. Cuyler v. Sullivan, 446 U.S. 335, 104 S.Ct. 482, 78 L.Ed.2d 679 (1980). Appellant's counsel at trial was not even aware that the state's witness was represented by the same public defender's office, so there could not have been an actual conflict.
[2] Williams v. State, 110 So.2d 654 (1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[3] At the hearing below, appellant's present counsel examined appellant's trial defense counsel as follows:

[by Mr. Dillinger, appellant's present counsel] Let me ask you sir, if in 1974 it was your opinion that the statute as to aggravating and mitigating circumstances  that the statute as it applied to mitigating circumstances was in fact limited to those that were outlined in the statute.
[by Mr. Simpson, appellant's trial counsel] As best I can recall, I believe that was my interpretation. At the time I believe we filed a motion or we requested to go outside of the guidelines to  to bring forth some additional mitigating factors based on my best recollection.
Q. Was that motion denied, to your recollection?
A. I believe it was, yes.