PER CURIAM.
The defendant below appeals from a judgment entered pursuant to a jury verdict finding her guilty of one count of possession of a controlled substance within 1000 feet of a school, and two counts of sale or delivery of a controlled substance. We reverse and remand for new trial.
Over repeated objections by defense counsel, appellant was tried together with codefendant John Michael Miller, and both were represented by the same attorney.
J.S., a 15 year-old high school student, testified on direct examination that he got marijuana from Miller on February 17, 1988, in Miller’s apartment, with appellant present, and that he was supposed to sell it for $5.00 at school and give the money to Miller.
On February 19, 1988, after he had turned himself in to police, J.S. agreed to wear a body bug and take a marked $10.00 bill to the apartment shared by Miller and appellant, $5.00 of which was for the marijuana given him on the 17th, and $5.00 to purchase another similar quantity. The apartment was adjacent to the school. He said when he arrived, he gave appellant the money and later, Miller came out of the shower and gave him some marijuana.
On cross examination J.S. seemed confused; he first said on February 17 John Miller gave him the marijuana and then he said John Miller was not home on the 17th and it was appellant who gave him the marijuana that day.
Ultimately, police entered the apartment pursuant to a search warrant, found marijuana, and arrested Miller and appellant.
Joint representation does not per se violate the constitution. Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). But, where actual conflict of interest or prejudice is shown, the court’s action in allowing joint representation to continue is reversible error. Foster v. State, 387 So.2d 344 (Fla.1980). Actual conflict occurs “ ‘whenever one defendant stands to gain significantly by counsel adducing probative evidence or advancing plausible arguments that are damaging to the cause of a codefendant whom counsel is also representing.’ ” Barclay v. Wainwright, 444 So.2d 956, 958 (Fla.1984) (quoting Foxworth v. Wainwright, 516 F.2d 1072, 1076 (5th Cir.1975); see also McCrae v. State, 510 So.2d 874 (Fla.1987) (“[A]n ‘actual’ conflict of interest exists if counsel’s course of action is affected by the conflicting representation, i.e., where there is divided loyalty with the result that a course of action beneficial to one client would be damaging to the interests of the other client. An actual conflict forces counsel to choose between alternative courses of action.” Id. at 877, fn. 1).
Joint representation of conflicting interests is suspect because of what it tends to prevent the attorney from doing.... *948 Generally speaking, a conflict may also prevent an attorney from ... arguing ... the relative involvement and culpability of his clients in order to minimize the culpability of one by emphasizing that of another.
[[Image here]]
Accordingly, the reviewing court can undertake with some confidence its relatively narrow task of assessing the likelihood that the error materially affected the deliberations of the jury.
Holloway, 435 U.S. at 489-90, 98 S.Ct. at 1181-82.
As to the February 17 transaction, J.S. testified that Miller was the one who gave him the marijuana. On cross examination, defense counsel elicited from J.S. that appellant performed that transaction when Miller was absent. Defense counsel’s cross examination of J.S. was necessarily damaging to appellant because it tended to show that she alone sold marijuana to J.S. on the 17th. On the other hand, if defense counsel had not elicited the conflicting testimony from J.S., appellant may have had an argument that she was devoid of culpability as to that transaction. Defense counsel was obliged to pursue this line of questioning, nevertheless, out of his obligation to Miller. Similarly, arguments could have been made that appellant did not constructively possess the marijuana which was found in the apartment, and which formed the basis for the possession charge against appellant, but this could hardly have been done without implicating Miller.
We find this case presents actual conflict where defense counsel, in order to represent both clients zealously, was forced to attempt to damage appellant’s defense, and was prevented from effectively presenting a defense for appellant he might otherwise have been able to present.
Finding merit to appellant’s contention that joint representation was improper in this case, we do not reach her remaining points on appeal.
REVERSED and REMANDED to retry appellant.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.