559 So.2d 1255 (1990)
Levy NORWOOD, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1811.
District Court of Appeal of Florida, Third District.
April 17, 1990.
Rehearing Denied May 18, 1990.
Bennett H. Brummer, Public Defender, and Debra J. Snow, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and FERGUSON, JJ.
*1256 PER CURIAM.
Defendant appeals his conviction for felony murder. We find error in the trial court's failure to grant an inquiry into the state's use of peremptory challenges to strike prospective black jurors and reverse for a new trial on that basis.
In State v. Neil, 457 So.2d 481 (Fla. 1984), the Supreme Court of Florida set forth the initial burden which must be met when a party complains that a peremptory challenge of a prospective juror has been made on a racially discriminatory basis. There must be a timely objection followed by a demonstration on the record that a) the persons challenged are members of a distinct racial group and that b) there is a strong likelihood that they have been challenged solely because of their race. If the complaining party meets this threshold, then the party attempting to exercise the peremptory challenge must demonstrate that the questioned challenge was not exercised solely on the basis of race. In State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), the supreme court further clarified the law regarding this issue when it stated that while there is no bright line test for establishing when the complaining party has met the threshold which would require a Neil inquiry, any doubt as to whether the initial burden has been met must be resolved in favor of the complaining party. Id. at 22.
In the case at hand, the record shows that defense counsel stated during voir dire that the state had used three of its four strikes against black people. He went on to say, "I don't know that they sit any different (sic) than other persons who are not excluded by the state." He then moved for a Neil inquiry on the basis that this indicated an attempt on the part of the state to exclude black people from the jury.
At that point, the prosecutor stated that three black members of the venire had not been challenged by the state; thus, he did not believe that defense counsel had made a prima facie showing that blacks were improperly excluded. The trial judge agreed and no inquiry was held. Defense counsel renewed his motion for an inquiry when four out of five of the state's peremptory challenges had been directed at blacks. The trial judge again found that the threshold had not been met, and the motion was denied.
While the record is not clear in stating in every instance the race of each prospective juror who was questioned and ultimately challenged, we do know that when the second motion for a Neil inquiry was made, some four out of seven state challenges were against black people. Moreover, a reading of the record tends to show that those who were peremptorily challenged did not indicate any partiality or inability to judge fairly. See Slappy at 23. At least, any doubt to that effect must be resolved in favor of the defendant as the complaining party. Id. at 22. While an objection based solely on the fact that peremptory challenges were used against a racially discrete group may not satisfy the threshold and require an inquiry, see Riggins v. State, 557 So.2d 185 (Fla. 3d DCA 1990), defense counsel also stated that the black people questioned did not "sit any different (sic) than other persons who [were] not excluded by the state." These two statements viewed together were sufficient reasons to require an explanation from the state as to why black people were challenged when seemingly equally situated white people were not. See Slappy at 22.
By itself, the state's observation when the motion was made that three black venire persons had not been challenged did not eliminate or cancel out the reasonable inference that the challenges were racially based. Id. This is especially so in light of defense counsel's statement to the effect that equally situated white people had not been excluded.
We thus find reversible error and hold that Norwood should receive a new trial. However, we find no merit to the other issues raised on appeal.