600 So.2d 32 (1992)
Kenneth JOHNSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-2578.
District Court of Appeal of Florida, Third District.
June 9, 1992.
*33 Bennett H. Brummer, Public Defender, and Carol J.Y. Wilson, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and COPE, JJ.
BASKIN, Judge.
Kenneth Johnson appeals his conviction and sentence for grand theft. We reverse.
Defendant Johnson was charged by information with burglary and grand theft. To expedite jury selection, the trial court consolidated defendant's case with the cases of two other defendants, solely for jury selection. The assistant public defender, who represented all three defendants, objected to having to represent all three clients in the consolidated jury selection process. The trial court overruled the objection and proceeded with the simultaneous selection of three separate juries.
During the selection of defendant Johnson's jury, the state exercised peremptory challenges striking two of the three black venire members. When defendant objected to the challenge of Franklin James, the first black venire member, the state responded that its strike was based on his unclear responses to questions. The trial court disallowed the strike and seated James. The state used another peremptory challenge to strike the second black prospective juror, George Ellis. Upon defendant's objection, the state explained that it challenged Ellis because he lived in a high crime area, because he had worked with people who had problems, and because there were other black jurors on the panel. The state did not ask Ellis any questions. The trial court allowed the strike.
At the conclusion of the trial, the jury found defendant Johnson guilty of grand theft. The trial court sentenced him as an habitual felony offender to ten years imprisonment, with five years mandatory minimum. After considering defendant's appeal, we reverse the conviction and sentence.
Defendant Johnson argues that the trial court committed reversible error in consolidating three cases for simultaneous jury selection. Assuming, without deciding, that the trial court properly exercised its discretion in consolidating these cases for jury selection, see United States v. Quesada-Bonilla, 952 F.2d 597, 599 (1st Cir.1991), and cases cited therein, we find that the trial court erred in overruling defense counsel's objection to representing multiple clients during jury selection. "To deny a motion for separate representation, where a risk of conflicting interests exists, is reversible error." Foster v. State, 387 So.2d 344, 345 (Fla. 1980); Belton v. State, 217 So.2d 97 (Fla. 1968); Baker v. State, 202 So.2d 563 (Fla. 1967); Bellows v. State, 508 So.2d 1330 (Fla. 2d DCA 1987); Washington v. State, 419 So.2d 1100, 1100 n. 2 (Fla. 3d DCA 1982); see Main v. State, 557 So.2d 946 (Fla. 1st DCA 1990). Defendant's counsel stated his objection to representing all three defendants in the consolidated jury selection, asserting that his clients' interests conflicted. The record demonstrates a risk of conflict. Foster; Main; Bellows. Thus, we hold that the court erred in overruling the objection.
Defendant Johnson cites as error the trial court's grant of the state's peremptory challenge of juror Ellis over defense objection. State v. Neil, 457 So.2d 481 (Fla. 1984), clarified, State v. Castillo, 486 So.2d 565 (Fla. 1986), and clarified, State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), sets forth the test *34 trial courts must apply to determine whether a peremptory challenge has been used in a discriminatory manner. A timely objection and demonstration that the individuals challenged are members of a distinct racial group establish the predicate for the trial court to determine whether there is a substantial likelihood that the peremptory challenges have been exercised in a racially discriminatory manner. Neil, 457 So.2d at 486.[1] If the trial court decides that discriminatory exercise is likely, the state must then provide "`clear and reasonably specific' racially neutral explanation of `legitimate reasons'" for the peremptory challenge. State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).
The state's reasons for its peremptory challenge of juror Ellis were insufficient. A prospective juror's occupation is not a valid reason for challenge unless there is some connection between the occupation and the facts of the case. Slappy; Mayes v. State, 550 So.2d 496 (Fla. 4th DCA 1989). A review of the record reveals no such connection. Furthermore, the record discloses no connection between the juror's residing in a high crime area and the facts of the case before us. Accordingly, we conclude the reason was pretextual. Slappy, 522 So.2d at 22; see Albury v. State, 541 So.2d 1262 (Fla. 3d DCA 1989) (strike against juror from low socioeconomic background pretextual). Our conclusion gains support from the state's failure to question prospective juror Ellis on either of the stated grounds. Slappy; Hicks v. State, 591 So.2d 662 (Fla. 4th DCA 1991); Gadson v. State, 561 So.2d 1316 (Fla. 4th DCA 1990).
The state's final reason for striking prospective juror Ellis, the presence of other black jurors on the panel, has repeatedly been ruled an invalid reason for excluding a black juror. Bryant v. State, 565 So.2d 1298 (Fla. 1990); Slappy, 522 So.2d at 21; see Norwood v. State, 559 So.2d 1255 (Fla. 3d DCA 1990); Smellie v. Torres, 570 So.2d 314 (Fla. 3d DCA 1990). Under these circumstances, reversal is mandated.[2]
Reversed and remanded for new trial.
NOTES
[1] We note that in Alen v. State, 596 So.2d 1083, 1085 (Fla. 3d DCA 1992), this court held that "Hispanic jurors may not be peremptorily challenged solely on the basis of their ethnicity."
[2] The state correctly concedes that the trial court erred in sentencing defendant to serve ten years in prison, with five years minimum mandatory, as an habitual felony offender. § 775.084(4)(a)3, Fla. Stat. (1989) (habitual felony offender, upon conviction for third degree felony, may be sentenced "for a term of years not exceeding ten."); compare § 775.084(4)(b)3, Fla. Stat. (1989) (habitual violent felony offender, upon conviction for third degree felony, may be sentenced to a maximum term of ten years, and "such offender shall not be eligible for release for 5 years.")