CONFESSION OF ERROR
PER CURIAM.
The defendant, Jerry Abraham, appeals from his conviction and sentence for burglary of an occupied dwelling. We reverse the conviction and sentence and remand for a new trial.
Abraham was arrested and charged with burglary of an occupied dwelling and grand theft of a vehicle. To expedite jury selection, the trial court consolidated the defendant’s case with another defendant’s case for jury selection only. The assistant public defender, who represented both defendants, objected twice to the jury selection procedure because he was having to represent both clients in the same proceeding and because the two unrelated cases had been improperly consolidated. The trial court overruled both objections and proceeded with the simultaneous selection of two separate juries.
At the conclusion of the trial, the jury returned verdicts of not guilty of grand theft and guilty for burglary of an occupied dwelling. The defendant was adjudicated guilty and sentenced to four and one-half years in prison. The guidelines score sheet reflected that Abraham had two prior grand theft convictions. The defendant contends that these convictions were third-degree felonies, but that they were incorrectly scored as second-degree felonies. The defendant appealed.
The defendant contends that the trial court committed reversible error in consolidating two cases for simultaneous jury selection where defense counsel had objected to representing multiple clients during jury selection. As the state properly concedes, the trial court erred in overruling the objection. See Johnson v. State, 600 So.2d 32 (Fla. 3d DCA 1992). Under these circumstances, reversal is mandated. Therefore, it is not necessary to address the remaining points raised on appeal. See Foster v. State, 387 So.2d 344 (Fla.1980).
Reversed and remanded for a new trial.