622 So.2d 487 (1993)
Terry Jerome ROCK, Appellant,
v.
STATE of Florida, Appellee.
No. 92-693.
District Court of Appeal of Florida, First District.
July 7, 1993.
Rehearing Denied September 10, 1993.
Nancy A. Daniels, Public Defender, Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Terry Rock, appellant, raises four issues on appeal. We find no reversible error has occurred, but feel that it is necessary to discuss one issue: Whether the trial court erred in conducting simultaneous jury selection for appellant's case and two unrelated cases involving other defendants.
The jury in the instant case was selected through a process whereby three juries were selected from the same venire panel.[1] *488 A jury is chosen for one defendant while the other defendants and their counsel watch the process. After the first jury is selected, a jury is then selected for one of the other defendants from the same venire. Prior to jury selection, defense counsel orally objected to the "jury selection process where we have all three defendants in the same room," arguing a violation of the defendant's sixth amendment right. Defense counsel then stated, "My written motion will incorporate the rest of my arguments." A pretrial written motion to preclude "simultaneous multiple jury instructions" was filed. There were no other objections made during the jury selection process, neither before jury selection began, nor during the selection of appellant's particular jury.
The motion filed by appellant raised the following issues:
1. To force the undersigned attorney to participate in simultaneous multiple jury selection for two separate trials, where each Defendant is charged with a difference [sic] crime, under the circumstances would create a very substantial likelihood of jury confusion, in contravention of this Defendant's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States [sic] and by Article I, Section 9 of the Florida Constitution.
2. Compounding the substantial likelihood of jury confusion is that this attorney represents two of the three Defendants involved in the Voir Dire Process.
3. The knowledge the jury will have that the undersigned attorney represents two Defendants simultaneously will cause a strong likelihood that the jury will not be impartial, in that the presumption of innocence would be minimized by the fact that not one but three defendants are all claiming innocence before the jury panel. This is contrary to the defendants' right to an impartial jury trial guaranteed by the Sixth and Fourteen [sic] Amendments to the United States [sic] and by Article I, Section 16 of the Florida Constitution.
4. This attorney will not be able to adequately represent the Defendant since he will have to co-mingle the interest of one Defendant with that of the other Defendant she represents during this simultaneous multiple jury selection process.
5. This process denies the Defendant his right to an individual jury trial because the panel Jury Voir Dire will be exposed to and questioned about issues totally irrelevant to this Defendant's case.
No further objections or case specific arguments were made by counsel. Counsel also did not object to the seating of any particular juror.
In United States v. Quesada-Bonilla, 952 F.2d 597, 599 (1st Cir.1991), the court stated, "We are aware of no authority that prohibits a court, as a general matter, from empaneling juries for several cases in a single proceeding or using the same jurors in several cases, whether or not the defendants in those separate cases use the same lawyers." Accord United States v. Maraj, 947 F.2d 520, 524 (1st Cir.1991). In Maraj, the court reasoned, "In these days of crowded dockets and severe budgetary constraints, busy trial courts are under considerable pressure to develop more efficient methods of operation. One such method which has gained currency is multiple empanelment... . We encourage use of the method when feasible." Maraj, supra at 524.
We fully agree with the rationale utilized in Quesada-Bonilla and Maraj.[2]
Appellant, however, relies on Johnson v. State, 600 So.2d 32 (Fla. 3d DCA 1992), to argue that the lower court erred in rejecting the defense counsel's conflict of interest assertion. In Johnson, the trial court consolidated the defendant's case with the cases of two other defendants, solely for jury selection. There, the same defense counsel represented all three defendants, *489 and counsel objected on conflict grounds. The Third District Court of Appeal held that the lower court erred in overruling the objection:
Assuming, without deciding, that the trial court properly exercised its discretion in consolidating these cases for jury selection, see United States v. Quesada-Bonilla, 952 F.2d 597, 599 (1st Cir.1991), and cases cited therein, we find that the trial court erred in overruling defense counsel's objection to representing multiple clients during jury selection. "To deny a motion for separate representation, where a risk of conflicting interests exists, is reversible error." Foster v. State, 387 So.2d 344, 345 (Fla. 1980).
Johnson, supra at 33. See also Abraham v. State, 606 So.2d 489 (Fla. 3d DCA 1992), where the state conceded error on a similar point.
In Johnson, without explaining the facts giving rise to the conflict of interest, the court stated that because the record in that case demonstrated a risk of conflict, reversal was required.[3]Johnson is distinguishable from the instant case, however, because the record in this case does not demonstrate potential conflict.
In order to be entitled to a reversal, an appellant would have to demonstrate actual conflict or prejudice. Foster v. State, 387 So.2d 344 (Fla. 1980). Actual conflict exists if counsel's course of action is affected by conflicting representation, i.e., where there is divided loyalty with the result that a course of action beneficial to one client would be damaging to the interest of another client. Main v. State, 557 So.2d 946, 947 (Fla. 1st DCA 1990). To show actual conflict, one must show that a lawyer not laboring under the claimed conflict could have employed a different defense strategy and thereby benefited the defense. McCrae v. State, 510 So.2d 874, 877 n. 1 (Fla. 1987). Only when such an actual conflict is shown to have affected the defense is there prejudicial denial of the right to counsel. Id.
The instant case only raises speculative nonspecific objections concerning conflict. The record fails to demonstrate that appellant's attorney was required to choose between alternate courses of action due to the consolidated jury selection or that a lawyer not laboring under the claimed conflict would have employed a different strategy during jury selection that would have benefited the defense. There is no allegation that the nature of the charges against the other defendant was somehow prejudicial to appellant or that any question asked by one of the other attorneys was objectionable. There is no allegation that the method of instructing the jury somehow prejudiced the defense. Absent a demonstration of a conflict which is unique to a particular set of cases or particular defendants, we find no problem with the simultaneous jury selection process which was utilized.
ERVIN, J., and CAWTHON, Senior Judge, concur.
NOTES
[1] Simultaneous jury selection is apparently commonly employed in Duval County.
[2] This court has recently affirmed four cases without opinion where the issue of simultaneous jury selection was raised: Copeland v. State, 613 So.2d 14 (Fla. 1st DCA 1993); Losco v. State, 615 So.2d 161 (Fla. 1st DCA 1993); Gray v. State, No. 91-3950 (Fla. 1st DCA March 18, 1993); Davis v. State, 618 So.2d 214 (Fla. 1st DCA 1993).
[3] As examples of cases in which the record demonstrated the risk of conflict, the Johnson court cited Main v. State, 557 So.2d 946 (Fla. 1st DCA 1990), a case in which the same attorney was compelled to represent in the same trial two codefendants charged with the sale of marijuana to a minor, and a factual issue existed as to which of the codefendants sold the drugs. The Johnson court also cited Bellows v. State, 508 So.2d 1330 (Fla. 2d DCA 1987), where the same attorney was compelled to represent in separate cases two defendants, one of whom was the state's key witness against the other.