PER CURIAM.
This is a direct criminal appeal. Appellant raises three issues: (1) whether the trial court erred when it required appellant’s counsel to select appellant’s jury and two additional juries in unrelated cases from the same venire; (2) whether the trial court erred when it enhanced appellant’s conviction to a second-degree felony pursuant to section 775.087(1), Florida Statutes (1991), because appellant did not meet the prerequisites to application of that section; and (3) whether the trial court erred when it imposed a 3-year mandatory-minimum sentence for an offense not listed in section 775.087(2), Florida Statutes (1991).
We affirm as to the first issue, without discussion, based upon our recent decision in Rock v. State, 622 So.2d 487 (Fla. 1st DCA 1993). Likewise, we affirm as to the second issue, based upon our decision in Menendez v. State, 521 So.2d 210 (Fla. 1st DCA 1988). However, we are constrained to reverse as to the third issue.
We have previously held that the 3-year mandatory-minimum sentence set out in sec *830 tion 776.087(2), Florida Statutes, may be applied only when the defendant has been convicted of an offense listed in that section. Kennedy v. State, 564 So.2d 1127 (Fla. 1st DCA 1990). Appellant was convicted of possession of cocaine, an offense which is not listed in section 775.087(2). Accordingly, it was error to impose the 8-year mandatory-minimum sentence. The state concedes as much.
We reverse the 3-year mandatory-minimum sentence imposed pursuant to section 775.087(2), Florida Statutes (1991). On remand, the trial court is directed to enter an amended judgment and sentence reflecting our ruling. In all other respects, the judgment and sentence are affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ZEHMER, C.J., and ALLEN and WEBSTER, JJ., concur.