638 So.2d 933 (1994)
Terry Jerome ROCK, Petitioner,
v.
STATE of Florida, Respondent.
No. 82530.
Supreme Court of Florida.
June 23, 1994.
Nancy A. Daniels, Public Defender, and Nada M. Carey, Asst. Public Defender, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Tallahassee Criminal Appeals, and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for respondent.
Steven G. Mason of the Law Offices of Steven G. Mason, Orlando, amicus curiae for The Florida Ass'n of Criminal Defense Lawyers.
HARDING, Justice.
We have for review Rock v. State, 622 So.2d 487 (Fla. 1st DCA 1993), based on apparent conflict with Foster v. State, 387 So.2d 344 (Fla. 1980); State v. Youngblood, 217 So.2d 98 (Fla. 1968); Belton v. State, 217 So.2d 97 (Fla. 1968), cert. denied, 395 U.S. 915, *934 89 S.Ct. 1764, 23 L.Ed.2d 229 (1969); and Johnson v. State, 600 So.2d 32 (Fla. 3d DCA 1992). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
We hold that the consolidated (or multiple) jury selection process did not deny Rock the effective assistance of counsel because he did not show actual conflict of interest or prejudice. Thus, we approve the decision of the district court below. We decline to address the second issue Rock raises of whether the trial court erred in admitting his exculpatory statement.
Rock was charged with burglarizing a beauty salon in Jacksonville. His jury was selected during a consolidated procedure in which juries for three unrelated criminal cases were chosen from one venire of forty people. Rock's trial counsel represented two defendants, Rock and Clark. Another lawyer represented a third defendant, Hartley.
The consolidated selection process worked this way: A jury was chosen first for Hartley while the other defendants and their counsel watched the entire process. A jury was next selected from the same venire for Rock, and a third jury was later selected for Clark. Prospective jurors challenged during the first jury selection were put back into the jury pool and became part of the panel in the second jury selection. Those challenged during the second jury selection became part of the panel for the third case.
Before jury selection began for Hartley, Rock's counsel objected orally "to this type of K-Mart special jury selection where we are having all three defendants in the same room based on the violation of the [Six]th [A]mendment of the United States Constitution." The trial judge overruled her motion. Defense counsel followed with a written motion in which she argued that she could not adequately represent Rock because she would "have to co-mingle the interest of one Defendant with that of the other Defendant during this simultaneous jury selection process." Counsel's arguments notwithstanding, jury selection commenced, and Rock's lawyer did not object to the seating of any particular juror.
Rock was convicted of burglary and sentenced to ten years in prison as a habitual felony offender. The First District Court of Appeal rejected Rock's argument that the consolidated selection process created a conflict of interest for his counsel and affirmed the conviction and sentence. Rock, 622 So.2d 487. The court found that Rock was not entitled to reversal because he did not demonstrate actual conflict or prejudice. Id. at 489.
Rock now argues that the district court should not have required him to show actual conflict to obtain reversal. He argues that once counsel objected and made representations about a potential conflict, the trial court either should have allowed his jury selection to proceed separately or conducted further inquiry about the asserted conflict. We disagree.
The consolidated jury selection procedure used in Rock's case was a valid exercise of the trial court's discretion in promoting jury management and efficiency. See, e.g., Barker v. Randolph, 239 So.2d 110, 112 (Fla. 1st DCA) (trial judge has discretion to "reasonably control voir dire examination in the interest of orderliness and dispatch of trials"), cert. denied, 242 So.2d 137 (Fla. 1970). Trial courts also have broad discretion in the procedural conduct of trials. Feeney v. State, 359 So.2d 569, 570 (Fla. 1st DCA 1978) (court upheld simultaneous trial procedure even though there was no authority for trial judge to employ the procedure).
In addition, the Office of the State Courts Administrator reported in February 1992 that multiple voir dire[1] improves the efficiency of jury selection. Office of the State Courts Adm'r, Towards an Efficient Jury Management System 5 (1992). The report was the result of then-Chief Justice Shaw's administrative order calling for "a comprehensive jury management program ... to reduce jury system costs and to minimize inconvenience to citizens summoned for jury *935 service." In re Reducing Juror Compensation Costs (Fla. Admin.Order Oct. 8, 1990).
We also note that courts have upheld the consolidated jury selection process. See, e.g., United States v. Quesada-Bonilla, 952 F.2d 597, 599 (1st Cir.1991) ("We are aware of no authority that prohibits a court, as a general matter, from empaneling juries for several cases in a single proceeding or using the same jurors in several cases."); United States v. Maraj, 947 F.2d 520 (1st Cir.1991) ("We encourage use of the [consolidated jury selection] method when feasible, much as we applaud other efforts at judicial economy so long as they can be implemented without diluting the parties' rights to a fair trial.").
We find that the consolidated jury selection method is not inherently prejudicial. In fact, such a procedure can improve judicial economy without sacrificing a defendant's rights. We recognize, however, that there may be specific instances when this procedure could prejudice a defendant.
While recognizing this potential for prejudice, we disagree with Rock about when a trial court should allow a criminal defendant's jury selection to proceed separately. Rock argues that the State had the burden to show that prejudice will not result from the denial of a motion to conduct separate jury selection. See Youngblood, 217 So.2d at 101. He cites as authority cases involving joint representation; that is, cases involving codefendants represented by the same counsel. See, e.g., Belton, 217 So.2d 97; Baker v. State, 202 So.2d 563 (Fla. 1967). In cases of joint representation, this Court has found that "[t]o deny a motion for separate representation, where a risk of conflicting interests exists, is reversible error." Foster v. State, 387 So.2d 344, 345 (Fla. 1980).
There is no joint representation where, as here, one lawyer represents defendants in unrelated cases during jury selection only. Thus, the case law pertaining to joint representation does not apply here. In cases such as Rock's, the defendant has the burden of showing actual conflict or specific instances of prejudice. Rock's challenges to the jury selection process were generalized and nonspecific. Thus, his case does not warrant reversal.
Accordingly, we approve the district court's decision affirming Rock's conviction and sentence. We find no conflict with the decisions in Foster, Youngblood, and Belton, and we disapprove Johnson to the extent it conflicts with this opinion.
It is so ordered.
GRIMES, C.J., OVERTON and SHAW, JJ., and McDONALD, Senior Justice, concur.
KOGAN, J., concurs with an opinion.
KOGAN, Justice, concurring.
I write separately only to emphasize that, after the person asserting conflict has met the burden of proof, the trial court cannot then proceed to select two juries from the same panel. Voir dire can only continue in a way that eliminates the conflict.
NOTES
[1] "Multiple voir dire" is defined as "a technique whereby one judge selects multiple juries on one day for two or more jury trials scheduled during the term." Office of the State Courts Adm'r, Towards an Efficient Jury Management System 5 (1992).