HARDING, Justice.
We review Brown v. State, 642 So.2d 1090 (Fla. 1st DCA 1994). The basis for our jurisdiction lies in the fact that the district court of appeal’s per curiam opinion on motion for clarification relied on Rock v. State, 622 So.2d 487 (Fla. 1st DCA 1993). This Court subsequently accepted Rock for review. 632 So.2d 1027 (Fla.1994).
Brown also claims conflict with Foster v. State, 387 So.2d 344 (Fla.1980); State v. Youngblood, 217 So.2d 98 (Fla.1968); Belton v. State, 217 So.2d 97 (Fla.1968), cert. denied, 395 U.S. 915, 89 S.Ct. 1764, 23 L.Ed.2d 229 (1969); and Johnson v. State, 600 So.2d 32 (Fla. 3d DCA 1992).
We have jurisdiction based on article Y, section 3(b)(3) of the Florida Constitution and Jollie v. State, 405 So.2d 418 (Fla.1981).
Brown concedes that our recent opinion in Rock v. State, 638 So.2d 933 (Fla.1994), has been decided adversely to him.
We held in Rock that absent a showing of actual conflict or specific prejudice, a consolidated (or multiple) jury selection process does not deny a defendant effective assistance of counsel. In the instant case, Brown’s trial counsel made only general objections to the jury selection process and accepted the jury ultimately chosen without objection. Thus, Brown has not made any showing of actual conflict or prejudice.
In addition, in Rock we found no conflict with the decisions in Foster, Youngblood, and Belton, and we disapproved Johnson to the extent it conflicted with Rock. 638 So.2d at 935.
We decline to address the other three issues that Brown raises. Brown did not raise these issues in the district court and does not now assert them as fundamental error.
Accordingly, we approve the district court’s opinion in Brown.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.