POLEN, J.
Mark Wilkie appeals after a jury convicted him of burglary of a dwelling with an assault with a dangerous weapon. He argues that the court erred in consolidating his jury selection process with that of a second, unrelated trial. We disagree and affirm.
The jury chosen for Wilkie’s trial was from a venire of thirty people. The court decided that the remaining jurors, and in the same order, would form the venire for a second unrelated trial. Although Wilkie was not involved in the second trial, his lawyer represented the defendant who was. Wilkie’s attorney objected to this consolidated procedure on the ground that he would be placed in a position of conflict between two clients in choosing jurors for the two trials. The court overruled the objection.
We hold that the court did not abuse its discretion in consolidating the jury selection process. In this regard, we find Rock v. State, 638 So.2d 933 (Fla.1994), factually similar. In that case, the trial court consolidated the jury selection process for three unrelated criminal cases from one venire. Rock’s attorney represented two of the three defendants. All prospective jurors challenged and eliminated from the jury pool for one trial rejoined the venire panel for the jury selection in the other trials. Rock’s attorney objected to this process on the ground that he would be placed in a conflict of interest in balancing the interests of his clients during jury selection. The court disagreed, holding that there is no joint representation where one lawyer represents defendants in unrelated cases during jury selection only. Id. at 935.
While the consolidated procedure in Rock varied slightly from that in the instant case,[1] we hold that Rock, nevertheless, is controlling. As in Rock, Wilkie’s challenges to the jury selection process were generalized and nonspecific. Thus, his case does not warrant reversal.
*995 As to Wilkie’s remaining point on appeal, we also affirm as unpersuasive.
AFFIRMED.
WARNER, C.J., and GROSS, J., concur.

. In Rock, the order of the remaining jurors from the first trial was apparently shuffled before rejoining the later venire; in Wilkie’s case, the remaining jurors were rejoined in the same order as they appeared for the first jury selection. We do not find this difference in procedure to mandate a different result.