ANTOON, C.J.
Robert Oakes was charged with, and convicted of, committing the crimes of aggravated assault with a firearm and battery[1] as the result of an altercation he had with Hector and Anna Gonzales concerning his unauthorized use of the Gonzales’ dumpster. He appeals his convictions arguing that the trial court deprived him of his right to receive a fair trial by rushing the trial, limiting his cross-examination of Mr. Gonzales, and allowing the prosecutor to improperly cross-examine a defense witness. We affirm.
First, we address Mr. Oakes’ claim that the trial court violated his right to receive a fair trial by making comments and rulings aimed at rushing the trial. It is the responsibility of the trial court to make efficient use of the time allocated for trials, including controlling the pace of a trial. See Rock v. State, 638 So.2d 933, 934 (Fla.1994). Carrying out this responsibility sometimes requires trial courts to remind lawyers to avoid repetitive and irrelevant lines of questioning. Of course, this is not to say that the trial court has unfettered discretion to interfere with the presentation of a party’s case. In fact, if a party is able to demonstrate that the trial court’s control of the trial resulted in prejudice, relief on appeal is available. See Van Royal v. State, 497 So.2d 625, 626 (Fla.1986). For example, if a trial court calls an attorney’s competence into question in the presence of the jury to the extent the attorney’s client is prejudiced, such conduct constitutes reversible error. See Wilkerson v. State, 510 So.2d 1253, 1254 (Fla. 1st DCA 1987). Our review of the instant record reveals that, although the trial court interrupted the questioning of both the prosecutor and defense counsel in an effort to avoid redundant questioning, the trial court’s conduct did not result in any prejudice to Mr. Oakes. Accordingly, we reject the claim of error as merit-less.
In a related claim, Mr. Oakes contends the trial court improperly deprived him the right to cross-examine and confront his accusers. This claim is based on the court’s denial of defense counsel’s request to allow Mr. Gonzales to step down from the witness stand in order to answer questions regarding a diagram which was prepared by Ms. Gonzales during her earlier direct examination. Indeed, a defendant in a criminal case has the. constitutional right to fully cross-examine a prosecution witness concerning events about which the witness testified during direct examination. See Johnson v. State, 595 So.2d 132, 135 (Fla. 1st DCA), rev. denied, 601 So.2d 553 (Fla.1992), disapproved on other grounds, Heuss v. State, 687 So.2d 823 (Fla.1996). Furthermore, “it is error for the trial court to refuse to permit the cross-examination of a *512 witness to extend to all matters germane to the direct examination, for such cross-examination is a matter of absolute right and is not a mere privilege.” Coco v. State, 62 So.2d 892, 895 (Fla.1953)(quoting 58 Am.Jur., Criminal Law § 629). However, in the instant case the trial court did not prohibit defense counsel from questioning Mr. Gonzales regarding any aspect of his direct testimony. Accordingly, no constitutional violation had occurred. Furthermore, while we can imagine many situations where the denial of a request for a witness to approach a demonstrative aid for purposes of explanation would constitute reversible error, Mr. Oakes has failed to demonstrate a “reasonable possibility” that the instant denial contributed to the jury’s verdict since there was no controversy presented with regard to the accuracy of Mrs. Gonzales’ diagram. See Jackson v. State, 707 So.2d 412, 414 (Fla. 5th DCA 1998).
Finally, Mr. Oakes argues the prosecutor’s improper questioning of a defense witness constitutes reversible error. We agree that the prosecutor improperly attempted to impeach a defense witness by placing the prosecutor’s own credibility at issue. However, this issue was not properly preserved for appellate review because no contemporaneous objection was raised at trial. See Jones v. State, 666 So.2d 995, 996 (Fla. 5th DCA 1996). Furthermore, the prosecutor’s comments do not constitute fundamental error inasmuch as the impeachment of the witness was clearly not dispositive of Mr. Oakes’ guilt since the witness did not observe the incident.
JUDGMENTS AND SENTENCES AFFIRMED.
HARRIS and PETERSON, JJ., concur.

. §§ 784.021(1)(a), 775.087, 784.03, Fla. Stat. (1997).