768 So.2d 1221 (2000)
Terrance Luther JAMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2824.
District Court of Appeal of Florida, Third District.
October 4, 2000.
*1222 Bennett H. Brummer, Public Defender, and Kenneth P. Speiller, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before JORGENSON, COPE, and RAMIREZ, JJ.
COPE, J.
Terrance Luther James appeals his conviction, contending that the trial court improperly allowed one of the State's peremptory challenges. We affirm.
During jury selection, the State exercised a peremptory challenge against a Hispanic female, a paralegal who had recently completed law school and had taken the Florida Bar examination. The defense requested a gender and ethnic neutral reason for the peremptory challenge. The State responded that the prospective juror was a recent law graduate and that during voir dire she indicated that she did not want to serve on the jury. The trial court found that the reasons were neutral reasons and genuine in nature, and allowed the peremptory challenge. Defendant-appellant James has appealed.
Defendant relies on Johnson v. State, 600 So.2d 32 (Fla. 3d DCA 1992), for the proposition that "[a] prospective juror's occupation is not a valid reason for challenge unless there is some connection between the occupation and the facts of the case." Id. at 34 (citations omitted). Defendant points out that there was no particularized questioning or discussion regarding the prospective juror's legal training and the facts of this particular case.
The Johnson decision must be reevaluated in light of the Florida Supreme Court's later decision in Melbourne v. State, 679 So.2d 759 (Fla.1996). Melbourne creates a three-step process for considering a party's claim that the opposition is using a peremptory challenge in a discriminatory way.
In the first step, the opponent of the peremptory challenge must make out a prima facie case of racial or ethnic discrimination. See id. at 763. Defendant successfully took that step.
In the second step, "the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2)." Id. (citation and internal quotation marks omitted). The State explained that the prospective juror was a recent law graduate and that during voir dire she indicated that she did not want to serve on the jury. Both of these are race-ethnic-gender neutral reasons. See id.; Hernandez v. State, 686 So.2d 735, 736 (Fla. 2d DCA 1997). That is so because:
"The second step of this process does not demand an explanation that is persuasive, or even plausible. `At this [second] step of the inquiry, the issue is the facial validity of the prosecutor's explanation. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.'"
Melbourne v. State, 679 So.2d at 763 (citation omitted).
In step three, "[i]f a race-neutral explanation is tendered, the trial court must then decide (step 3) whether the opponent of the strike has proved purposeful racial discrimination." Melbourne, 679 So.2d at 763 (citation and internal quotation marks omitted). "[I]n step 3 `[the] whole focus [is not] upon the reasonableness of the asserted nonracial motive ... [but] rather ... the genuineness of the motive ... a finding which turn[s] primarily on an assessment of credibility.'" Melbourne, 679 So.2d at 764 (emphasis in original; citation omitted).
*1223 After Melbourne, it does not appear that the Johnson decision retains any continuing validity. The party opposing the peremptory challenge is certainly allowed to argue in step three that the stated reason for the peremptory challenge is not genuine because of an absence of connection between the prospective juror's occupation and the facts of the case. However, in step three the ultimate decision for the trial court is the genuineness of the motive for the peremptory challenge which, as the Melbourne court stated, turns primarily on an assessment of credibility.
We entirely agree with the trial court's decision to allow the peremptory challenge. It is well known that trial counsel routinely exercise peremptory challenges against lawyers who have been summoned for jury duty. Counsel fear that a lawyer on the jury may exercise disproportionate influence on the other jurors, converting the jury of six into a jury of one. Additionally, trial counsel frequently have concerns that, by virtue of their training and experience, lawyers may bring very firm preconceptions into the jury box. These considerations are well known, and the trial judge had no need to have all of this spelled out by trial counsel during jury selection. The fact that the prospective juror may not yet have passed the bar examination makes no difference to the analysis.
We also see no reason to question the judge's acceptance of the alternative reason for striking this particular juror. While the defendant contends that the State confused this particular prospective juror with another, the more likely explanation for the confusion on this point is a transcription error which misidentified the prospective juror. We need not examine the point further, because the first reason for the peremptory challenge was entirely sufficient.
Affirmed.