588 So.2d 676 (1991)
Bill GREGORY, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2745.
District Court of Appeal of Florida, Third District.
November 12, 1991.
Bennett H. Brummer, Public Defender and Robert Kalter, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen. and Jorge Espinosa, Asst. Atty. Gen., for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Bill Gregory, appeals from the final judgment of conviction and sentence. For the reasons expressed, we affirm.
The relevant facts are as follows. During voir dire, defense counsel asked the jurors whether they would "have any strong biases against past offenders, someone that has a felony on their record who may have committed a previous felony." Defense counsel went on to question the jurors about how they felt about the fact that the defendant had a prior criminal record. During trial, the defendant requested a mistrial since his attorney had told the jury about his criminal record. The defendant also informed the court that he had told his attorney prior to the trial that he did not intend to testify at trial. The trial court denied the defendant's pro se motion for mistrial. The jury convicted the defendant of burglary with an assault, aggravated battery, simple battery, strong armed robbery, and grand theft. The trial court sentenced the defendant. The defendant appeals.
As Chief Judge Anstead pointed out in his special concurrence in Gordon v. State, 469 So.2d 795 (Fla. 4th DCA 1985), rev. denied, 480 So.2d 1296 (Fla. 1985), a claim of ineffective assistance of counsel is a collateral matter which should be brought as a motion for post-conviction relief. Such a claim may not be raised for the first time on direct appeal, State v. Barber, 301 So.2d 7 (Fla. 1974); Walker v. State, 399 So.2d 374 (Fla. 3d DCA 1981), unless the facts giving rise to the claim are apparent on the face of the record, Stewart v. State, 420 So.2d 862 (Fla. 1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1802, 76 L.Ed.2d 366 (1983), or conflict of interest or prejudice to the defendant is shown, Foster v. State, 387 So.2d 344 (Fla. 1980). See *677 also, Gordon v. State, 469 So.2d 795 (Fla. 4th DCA 1985), rev. denied, 480 So.2d 1296 (Fla. 1985).
In the instant case, the facts giving rise to the defendant's claim are not apparent on the record. Therefore, we cannot grant the relief requested. But, our holding is without prejudice to the defendant to assert these claims in a motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.
Affirmed.