GERSTEN, Judge.
Appellant, Rigoberto Cordero (“Cordero”), appeals his conviction for possession of a firearm by a convicted felon. We affirm.
At trial, the arresting officer testified that during pursuit, he saw Cordero throw a handgun out of the window of a moving car. At the close of the State’s ease, the defense moved for judgment of acquittal, which the trial court denied. After deliberation, the jury returned a guilty verdict.
Before sentencing, Cordero filed a handwritten motion alleging specific instances which deprived him of effective trial counsel. The trial court treated Cordero’s motion as a notice of appeal and denied him an evidentia-ry hearing.
Cordero contends that the trial court erred by: (1) denying his motion for judgment of acquittal; and (2) by failing to hold an evi-dentiary hearing to determine whether his trial counsel effectively represented him.
Cordero was not entitled to a judgment of acquittal. An appellate court cannot disregard an eyewitness’s positive identification. Smith v. State, 221 So.2d 216 (Fla. 3d DCA 1969). Moreover, a court must accept a police officer’s uncontroverted and credible identification. State v. Fernandez, 526 So.2d 192 (Fla. 3d DCA 1988), cause dismissed, 531 So.2d 1352 (Fla.1988). Here, the arresting officer’s testimony was sufficient to support conviction.
Further, we affirm the trial court s denial of an evidentiary hearing on Cordero’s motion at this time. Allegations of ineffective assistance of counsel are appealable only if the facts of the complaint are evident from the record, the defendant shows prejudice, or the defendant alleges a conflict of interest. McKinney v. State, 579 So.2d 80 (Fla.1991); Gregory v. State, 588 So.2d 676 (Fla. 3d DCA 1991).
Here, Cordero relies on facts not facially apparent from the record. Further, he has failed to show that the jury would not have convicted him had his trial counsel’s actions been different. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Given these circumstances, the trial court did not err in denying him an evidentiary hearing.
Affirmed.