695 So.2d 872 (1997)
Norman CAISON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1558.
District Court of Appeal of Florida, Third District.
June 18, 1997.
Jonathan Kane and W. George Allen, Ft. Lauderdale, for appellant.
Robert A. Butterworth, Attorney General and Consuelo Maingot, Assistant Attorney General, for appellee.
Before NESBITT, GREEN and SORONDO, JJ.
PER CURIAM.
Norman Caison appeals his convictions and sentences for first degree murder with a firearm, attempted second degree murder with a firearm and unlawful possession of a firearm during the commission of a felony after a jury trial.
His primary contention on this direct appeal is that he was denied the effective assistance of trial counsel throughout the proceedings below. A claim of ineffective assistance of counsel, however, is a collateral matter which must generally be pursued for the first time in a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Blanco v. Wainwright, 507 So.2d 1377 (Fla.1987); Gregory v. State 588 So.2d 676 (Fla. 3d DCA 1991). We have said that a claim of this nature may not be raised for the first time on direct appeal unless the facts giving rise to the claim are apparent on the face of the record, a conflict of interest is shown, or prejudice to the defendant is shown. Gregory, 588 So.2d at 676 (citations omitted). We find that the facts giving rise to the appellant's ineffective assistance claim are not readily apparent on the scant record before us. Accordingly, we cannot grant the requested relief. Our holding, however, is without prejudice to the appellant to pursue this claim in a motion for post-conviction relief pursuant to rule 3.850.
As to the appellant's remaining issues on this appeal, we find no reversible error.
Affirmed.