778 So.2d 474 (2001)
Ramsey ETIENNE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-1960.
District Court of Appeal of Florida, Third District.
February 21, 2001.
Mark Perlman, Hallandale, and Stephane R. Dupont, for appellant.
Robert A. Butterworth, Attorney General, and Margaret A. Brenan, Assistant Attorney General, for appellee.
Before GODERICH and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
In lower court case no. 96-41679C, a jury found defendant guilty of one count of burglary with a firearm and two counts of robbery using a deadly weapon. Defendant was sentenced to a term of 13 years with a 3 year minimum mandatory sentence under the 1995 sentencing guidelines. The state concedes that pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000), the defendant received an illegal sentence. Accordingly, the defendant's sentence is remanded for re-sentencing pursuant to the 1994 sentencing guidelines. In the lower court case no. 96-13336, defendant entered a plea to a 13 year prison sentence to run concurrent to case no. 96-41679C. As to this sentence, defendant is likewise entitled to relief pursuant to Heggs. However, as to this case, the state should be given the option of proceeding to trial on the original charges or agreeing to have the defendant re-sentenced under the 1994 sentencing guidelines.
As to defendant's allegations of ineffective trial counsel, adequacy of representation may not be raised for the first time on direct appeal unless the facts giving rise to such a claim are apparent on *475 the face of the record, or conflict of interest or prejudice to the defendant is shown. See Whitaker v. State, 433 So.2d 1352 (Fla. 3d DCA 1983); Stewart v. State, 420 So.2d 862 (Fla.1982). The instant claims turn on factual determinations. See Henley v. State, 719 So.2d 990, 991 (Fla. 4th DCA 1998). Thus, we affirm, without prejudice to the appellant's raising these issues by appropriate motion in the trial court, following the standards set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, the convictions at issue are affirmed, the sentences vacated, and the case remanded for reconsideration in conformity with this opinion.