PER CURIAM.
Alfredo Garcia appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.
As the record does not conclusively refute the claim of defendant-appellant Garcia that his trial counsel was ineffective for *398 failing to pursue a voluntary intoxication defense, we reverse the order now before us and remand for a hearing on that issue only. See Fla. R.App. P. 9.141(b)(2); Patton v. State, 784 So.2d 380, 386 (Fla.2000); Lovett v. State, 773 So.2d 574, 575 (Fla. 3d DCA 2000); see also Etienne v. State, 778 So.2d 474, 475 (Fla. 3d DCA 2001); Caison v. State, 695 So.2d 872 (Fla. 3d DCA 1997).*
The defendant contends that his adjudication as a habitual offender was erroneously based on a conviction in a circuit court case which belongs to another individual, not the defendant. The State concedes that this may be true as to the cited conviction. However, the defendant has a number of other prior felony convictions and the record demonstrates that he qualifies as a habitual offender. Consequently the defendant is not entitled to relief from his habitual offender adjudication.
The defendant’s other points are without merit.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.

The crime date was March 18, 1999, which was prior to the date of the abolition of voluntary intoxication as a defense. See § 775.051, Fla. Stat. (1999); ch. 99-174, § 2, Laws of Fla.